## COWART *v.* LEWIS.*

(Division A.   June 11, 1928.)

[117 So. 531.   No. 27252.]

---

*Corpus Juris-Cyc. References: Motor Vehicles, 42CJ, p. 1093, n. 8; p. 1256, n. 68; On the question of liability of co-owners of automobile for negligent operation thereof, see annotation in L. R. A. 1916E, 1301.

222

*T. J. Wills* and *Berry & Wills,* for appellant.

*Currie & Currie, Paul B. Johnson* and *D. T. Currie,* for appellee.

Argued orally by *Lester E. Wills,* for appellant.

McGowen, J.   Appellant, W. E. Cowart, and his wife planned a pleasure trip from Hattiesburg, Miss., to Mobile, Ala.; appellee and another being invited to accompany them as guests. The trip was made through the country in an automobile which was owned jointly by the appellant and his wife, they taking turns at driving the machine.   After spending the night in Mobile, the party left for home with Mrs. Cowart driving and appellant on the front seat beside her.   When about fifteen miles from Mobile, they encountered a heavy rain, the rain falling so furiously and in such torrents that it was impossible to see for more than fifteen or twenty feet in front of the car.   The gravel and clay road became exceedingly slick and all of the depressions therein filled with water.   Mrs. Cowart continued to drive the car at a speed of about twenty-five or thirty miles per hour, although cautioned by appellee on several occasions to be careful and not to drive so fast.   Under these circumstances, and with the road in this condition, they suddenly ran upon a hole near the center of the road, and Mrs. Cowart, in attempting to avoid hitting the said hole, lost control of the car so that it left the road and headed for the ditch. She called upon her husband to help her, and he grabbed the wheel and endeavored to straighten the car out, but was unable to do so.   The car slid into the

ditch and turned over on its side, throwing the appellee against the left side of the car, breaking the window glass and severely cutting and injuring her.

This suit was brought against the husband, seeking to hold him liable for the alleged negligent operation of the automobile by his wife, and the injuries occasioned the appellee thereby.

We think the facts in this case were sufficient to cause the case to be submitted to the jury in so far as the negligence of Mrs. Cowart was concerned. The appellant, however, strenuously insists that he should not be held liable for the negligence of his wife, arguing that no agency relationship, either express or implied, has been shown to exist between himself and his wife, referring to the common-law liability of the husband for the torts of his wife as related to our statute removing, to some extent, the disability of the coverture of the wife.

Pretermitting a decision of the question of the agency relationship alleged to exist between the appellant and his wife, because such decision is not necessary for the determination of this question, we are yet of the opinion that the appellant is liable for the negligent operation of the automobile on the occasion in question.

The undisputed testimony in this case shows that the appellant and his wife owned the car jointly, each of them having paid one-half of the cost thereof, and each of them contributing, equally, to its upkeep and maintenance. The car was used for their mutual entertainment and pleasure, and on the occasion was being driven by them to Mobile on a pleasure trip for the mutual enjoyment and entertainment of both the appellant and his wife. At the time of the accident, the appellant was in the car sitting beside his wife, saw that she was driving the car in a negligent manner, and heard the remonstrances of the other occupants of the car. Under these circumstances, both the appellant and his wife became liable for injuries occasioned on account of the negligence

of one of them. The negligence of the one is imputed to the other.

The case of *Seiden* v. *Reimer,* 190 App. Div. 713, 180 N. Y. S. 345, is a case very similar on its facts to the case at bar. In that case the automobile was owned jointly by father and son, used by them for their pleasure and the pleasure of the other members of the family. An injury was caused by the negligent operation of this car while being driven by the son, the father being in the car at the time on the back seat. The court there held that the father as well as the son, was liable; the court saying:

"It was shown that the defendants were engaged in the joint enterprise for which the car was maintained and was being operated by one of the joint owners, while the other was present and participating therein."

In the case of *Goodman* v. *Wilson,* 129 Tenn. 464, 166 S. W. 752, 51 L. R. A. (N. S.) 1116, an automobile was owned jointly by a brother and sister, each of them paying one-half of all of the expenses of operation and maintenance of the car, including the wages of the chauffeur. They had equal rights as to the use of the machine, the brother, however, being given the preference in going to and from work in the machine. The chauffeur while alone in the car, driving to bring the brother home from work, negligently operated it so as to cause injuries to a horse and buggy. The court there held the sister, as well as the brother, to be liable, upon the theory that the machine was their joint property, and was being used for one of the purposes for which it was jointly owned.

In the case of *Lucey* v. *Hope,* 45 R. I. 103, 120 A. 62, an automobile jointly owned by William Hope and Charles H. Hope was negligently operated by Charles Hope while William Hope was in the car on the back seat with a friend. The car, on that occasion, was being used by Charles and William for the purpose of making an excursion and pleasure trip into the country for their mutual entertainment and pleasure. The court there held

both the parties to be liable for injuries occasioned by the negligent operation of the car while driven by Charles Hope; the court, in its opinion, saying:

"They were not only equally interested in the automobile, but also in the object and purpose of the trip as well as the manner in which it should be conducted, the route of travel which should be chosen, and the places where they would halt for rest or refreshments. We think that under these conditions William H. and Charles H. Hope were, at the time of the accident, engaged in a common enterprise or purpose, and that the negligence of the one driving is imputable to the other, under the authorities to some of which we have referred."

From these views, it follows that no error was committed by the trial court. The judgment is therefore affirmed.

*Affirmed.*