No. 710

First Circuit

DENHAM ET AL. v. TAYLOR ET AL.

(January 26, 1931. Opinion and Decree.)
(March 2, 1931. Writ of Review Refused by Supreme Court.)

(For former opinion, see 15 La. App. 545, 131 So. 614.)

Barron & Johnson, of Baton Rouge, attorneys for plaintiffs.

Breazeale & Sachse, of Baton Rouge, attorneys for defendant, appellant.

Taylor, Porter, Loret & Brooks, of Baton Rouge, attorneys for defendant, appellee.

ON APPLICATION FOR REHEARING

MOUTON, J. In their application, counsel refer to the case of Sam Mathews Lawrason v. Eugene Richard, Jr., 132 So., recently decided by the Supreme Court on a writ of review, in which it was held that plaintiff was engaged in a joint adventure or common enterprise with the defendant when the accident occurred and therefore could not recover for the damages he had suffered.

In reviewing the facts in that case, the court said an interfraternity initiation was to be held at Magnolia, a small settlement in the parish of East Baton Rouge, about fifteen miles from the city of Baton Rouge. Plaintiff and other students of the Louisiana State University, said the court, intended, on the night the accident occurred, to attend the initiation meeting of the fraternity at Magnolia. It was understood, as was explained to defendant who was a resident of Avoyelles parish, that the members of the fraternity would be taken there in a truck which was to leave at a designated point in Boyd avenue, city of Baton Rouge. The defendant at first declined the invitation, but at the earnest solicitation of plaintiff and others, subsequently yielded to the request.

The truck having failed to arrive at the designated spot on time and after abandoning all hopes for its arrival, all the members present mutually agreed to crowd into the several private cars then at the place of the assembly, and to proceed to Magnolia by that method of transportation. Plaintiff and six members entered defendant's car. On their way, the accident from which plaintiff suffered the injury happened at the Comite river bridge.

In passing on the foregoing state of facts, the court referred to Corpus Juris, vol. 33, p. 841, where it is said that a joint venture is a legal concept of comparative

recent origin, is purely the creature of the American courts, and may or may not apply to the relation of partners.

The court then quotes from Berry on Automobiles (2nd Ed.) par. 322, as follows:

"Where persons are associated together in the execution of a common purpose and undertaking, it has been held that each is the agent of the others in carrying out their plans, so that the negligence of one is attributable to the others."

Thereafter, in the course of the opinion, the court makes this significant remark:

"In this case the gratuitous use of defendant's car was sought by plaintiff and his interfraternity brothers for their own convenience and accommodation, for the purpose of proceeding to a fixed destination to participate in and consummate an, agreed and common purpose."

In the present case, in referring to the material facts which are pertinent to the issue as to whether Miss Denham had engaged in a joint adventure with Millender, the co-defendant of Taylor, we said:

"There was a dance at the community club in Baton Rouge on the night of November 27, which Miss Annie Denham had been invited to attend by Clarence W. David, a young man of the City of Baton Rouge. David not having a car to escort her to the dance, at his request, Millender agreed to call at her home to take her there in his car. They proceeded to her home in Millender's Ford coupe, when David got down, and in company with Miss Denham came up to the car, was introduced to Millender, who drove them to the community club.

"Millender danced once or twice with her and left to get a young lady he was to escort to the dance. She was unable to attend, and Millender returned without her to the club.

"The dance having stopped for the usual midnight intermission, Millender again met David and Miss Denham and stated that he had failed to 'get his date' with the young lady he intended to take to the club. At David's suggestion he said that he would be glad to take them for refreshments downtown, to which Miss Denham promptly agreed. They got in Millender's car, David on the right side, Miss Denham in the middle, and Millender on the left driving. As the place where they intended to get the refreshments was closed, they did not stop there, and Millender was heading back to the dance hall when the accident occurred at the intersection of St. Napoleon Street with North Boulevard."

Further in our opinion, in commenting on that issue in the case, we said:

"Here it appears that Miss Denham had been invited to the dance by David, and had made no arrangements whatsoever, for a trip to the community club in the car of Millender, who was a stranger to her when he appeared at her home to take her there with David.

"When the intermission occurred at the dance hall, she was again invited by David to go downtown for refreshments, and agreed to go in Millender's car. At that time she certainly had been unexpectedly invited, and had made no preparation for a trip as a joint venture with either David or Millender."

It will be noted that in the first excerpt quoted from our opinion in this case, we said that Millender was a stranger to Miss Denham when he took her at her home to go to the community club, and that he proceeded there for that purpose at the request of his friend, David, who had no auto. Evidently, she had not planned for this trip with Millender, knew nothing of it, and was certainly an invitee on the part of Millender through his friend David, for the ride which was afforded Miss Denham to the club. After the intermission at the dance hall, to which we referred in our decision, she was again invited by David to go downtown for refreshments. She was then again unexpectedly invited, and merely acceded to the proposition. There had not been in either instance any solicitation or even

the slightest request on her part for the "purpose of proceeding to a fixed destination to participate in and to consummate an agreed and common purpose," to bring the case under the foregoing quotations from the decision of the Supreme Court in the recent case, above cited.

She was merely an invitee or guest of Millender through David, when she first went to the club, and thereafter to the proposed place for refreshments.

In the quotation by the Supreme Court in the case of Lawrason v. Richard, Jr., we find the following from Berry on Automobiles:

"Where two men engaged in the joint purpose of taking two ladies for an automobile ride, during which one of the men was injured by the combined negligence of a town in maintaining a defective highway and his associate in the undertaking, it was held that he was charged with the negligence of his associate and could not recover from the town for his injuries."

In the instant case the associate of Millender in the joint adventure, if there were any, was Clarence W. David, and not Miss Denham. These two, Millender and David, were two men engaged in the joint purpose of taking "one" not "two ladies" for two "not one automobile ride," first from her home to the club, and thereafter to a place for refreshments. The issue as to the responsibility as joint adventurers could possibly arise between Millender and David, but in no event as to Miss Denham who had been taken for an automobile ride to the places hereinabove mentioned.

We hold that Miss Denham was not engaged at the time she was injured in a joint venture or common enterprise; that she was a mere guest, and for that reason there is no ground for a rehearing on that issue; nor on the other points raised in the two applications for a rehearing, which are hereby refused and denied.