WESTERFIELD *v.* SHELL PETROLEUM CORPORATION *et al.*

(Division B.   Jan. 4, 1932.)

[138 So. 561.   No. 29644.]

Holmes & Potter, Ross R. Barnett and E. L. Shelton, all of Jackson, for appellant.

May, Sanders, McLaurin & Byrd, of Jackson, for appellees.

**Anderson, J.,** delivered the opinion of the court.

Appellant brought this action against the Shell Petroleum Corporation, and appellee, Mrs. T. B. Harrison, in the circuit court of Hinds county, to recover damages for an injury received by her, growing out of the collision of an automobile driven by appellee, in which appellant was traveling as the latter's guest, with a Shell Petroleum Corporation automobile, alleged to have been caused by the negligence of the appellee and the Shell Petroleum Corporation. A nonsuit was taken against the Shell Petroleum Corporation, and the trial of the cause was proceeded with against the other appellee, Mrs. Harrison, resulting in a verdict and judgment in her favor, from which judgment appellant prosecutes this appeal.

The court refused appellant's request for a directed verdict in her favor on the issue of liability. There was no substantial conflict in the material evidence.

In the afternoon appellee was driving an automobile northward on the Jackson-Canton highway, which runs north and south. Appellant was riding with her, as her guest, both occupying the front seat of the automobile. When they reached a point about one and a half miles north of Tougaloo, appellee, seeing a Shell Petroleum Corporation automobile approaching from the north, drove her car to the extreme right of the highway, near the ditch on the east side, and then turned in a northwesterly direction on the west side of the highway, that is, west of the center of the highway, whereupon her car collided with the approaching Shell car, which was proceeding on its right-hand side of the highway, that is, to the west side of the center of the highway. The Shell

car was hit on its left side, near the back of the hood, and appellee's car was struck on the front, slightly toward the right side, damaging the right fender and right side of the car, and shattering the front light on that side. The impact caused appellee's car to change its direction, and go off the west side of the highway down the embankment a short distance from the point where the impact occurred.

There can be no doubt from the evidence that at about the time of the collision appellee's car was going at a rate of speed of from twenty to twenty-five miles an hour, and had crossed over in whole or in part, to the west side of the center of the highway. The shattered glass from the front light of appellee's car was found on the west side of the center of the highway. The witness Mrs. Godbold testified that, in a telephone conversation with appellee on the morning after the accident, the latter stated to her that at the time of the collision her car was on the left-hand side of the highway. Appellant testified that at the time of the collision appellee was operating her car on the wrong side of the road; and Mrs. Harrington, who was traveling in her automobile some distance behind appellee, and who came upon the scene of the accident immediately after it occurred, testified that she then heard appellee say that she lost control of her car, and pulled it too far to the left on the highway. The witness Hardy testified that he came upon the scene of the accident soon after it happened, and saw shattered glass upon the west side of the highway, and viewed the tracks made by appellee's car, which plainly showed that the car was being operated on her left of the center of the highway at the time of the collision.

Appellee testified that she got too near the ditch on the east side of the highway, and admitted that, in trying to get away from the danger of going into the ditch,

she went northwest too far, and probably crossed the center of the highway to the west to some extent. At the place where the accident occurred, the highway is about thirty feet wide.

The evidence tended to show that the Shell car was going at a high rate of speed, and except for such speed the driver might have avoided the collision, notwithstanding appellee's car was on the wrong side of the highway.

In short, the evidence showed, without any substantial conflict whatever, that the collision would not have taken place except for the negligence of appellee in driving her car too far on the wrong side of the highway. On the other hand, the evidence tended to show that notwithstanding appellee's negligence, the driver of the Shell car could have avoided the collision, except for the excessive rate of speed at which he was driving.

As stated, the court refused appellant a directed verdict, but instructed the jury, at the latter's request, that appellee was guilty of negligence in driving her car on the left of the center of the highway, and that, if they should find from the evidence that such negligence proximately contributed to appellant's injury, they should find a verdict in her favor. On behalf of appellee the court instructed the jury that, if the evidence showed appellee was using due care to avoid being struck by the on-coming Shell car, and was struck as a result of the negligence of the driver of that car, then they should return a verdict for appellee.

We are of opinion that it was error for the court to so instruct the jury for appellee, and that appellant was entitled to a directed verdict on the question of liability. We reach that conclusion by the following process of reasoning:

Appellee's negligence was shown without dispute in the evidence—it was admitted by appellee as a witness

in her own behalf—and we think it manifest from the evidence that such negligence proximately contributed to appellant's injury. In fact, appellee admitted that, had she not been west of the center of the highway, the accident would not have occurred. The fact, if it were a fact, that, notwithstanding such negligence on the part of appellee, the driver of the Shell automobile could have avoided the collision by the exercise of reasonable care, would not relieve appellee from liability. Such a state of facts would simply mean that appellee and the driver of the Shell car were joint tort-feasors, and each would be jointly and severally liable for the tort. In other words, if appellant's injury was caused by the conjoint negligence of appellee and the driver of the Shell car, neither would be relieved from liability, and the liability would be joint and several. Joint tort-feasors are both jointly and severally liable, and may be proceeded against singly, jointly, or individually, or all combined. Bailey v. Delta Elec. Light Co., 86 Miss. 634, 38 So. 354; Sawmill Construction Co. v. Bright, 116 Miss. 491, 77 So. 316; Waterman-Fouke Lumber Co. v. Miles, 135 Miss. 146, 99 So. 759; Oliver v. Miles, 144 Miss. 852, 110 So. 666, 5 A. L. R. 357. And this is true, although there was no common duty, common design, or concert of action between the joint tort-feasors. Nelson v. I. C. R. Co., 98 Miss. 295, 53 So. 619, 31 L. R. A. (N. S.) 689.

Under the law it is not necessary that the negligence of the operator of an automobile shall be the sole cause of the injury, in order to make him liable therefor. It is sufficient that his negligence, concurring with some other sufficient cause or causes, proximately caused the injury. 42 C. J., sec. 589, page 887.

We conclude, therefore, that there was no question for the jury on the issue of liability, and the court should have directed a verdict for the appellant.

Reversed and remanded.