## GREEN v. MADDOX.

(Division B.   Oct. 2, 1933.)

[149 So. 882.   No. 30696.]

(Division B. Nov. 27, 1933.)

[151 So. 160. No. 30696.]

For original opinion, see 149 So. 882.

**T. J. Wills,** of Hattiesburg, for appellant.

**Paul B. Johnson** and **Earle L. Wingo,** both of Hatties-
burg, for appellee.

Argued orally by **T. J. Wills**, for appellant, and by **Paul B. Johnson**, for appellee.

**Anderson, J.**, delivered the opinion of the court.

Appellee brought this action against appellant in the circuit court of Forrest county to recover damages for

a personal injury alleged to have been caused by appellant's negligence. There was a trial resulting in a verdict and judgment in appellee's favor in the sum of three thousand dollars. From that judgment appellant prosecutes this appeal.

Appellant ran freight trucks between Hattiesburg and other points in Mississippi and New Orleans, Louisiana. His headquarters and principal place of business were in the city of Hattiesburg.

Appellee's evidence, which was believed by the jury, was to the following effect: His wife was in New Orleans; he desired to visit her, and so stated to appellant. Appellant, in response, stated to appellee that one of his trucks was going to New Orleans immediately and that he could make the trip on that. This permission was accepted by appellee. The truck had a trailer attached by what is known as a rocking bolster. The truck was in charge of Isaiah Green and Hawkeye Edwards, and was being driven by Green when the injury occurred. They reached New Orleans in safety. There the trailer to the truck was loaded with freight. The injury to appellee occurred on the return trip in the city of Slidell, Louisiana.

Appellee alleged in his declaration, and his proof tended to show, that the driver of the truck, turned a right-angle street corner in the city of Slidell at a negligent rate of speed—something like from thirty to forty miles an hour. On the return trip appellee was riding on the trailer and Green and Edwards were in the seat of the truck. In turning the corner in Slidell at the excessive speed the bolster split, the trailer became disconnected and wrecked, throwing plaintiff out on the ground against a tree, resulting in injury to his head and nose, which his evidence tended to show was permanent.

The substantive rights of the parties are governed by the laws of the state of Louisiana where the injury occurred. D'Antoni v. Teche Lines, Inc., 163 Miss. 668, 143 So. 415.

Appellant contends that he was entitled to a directed verdict upon the ground that appellee was a mere licensee and not an invitee; that as a licensee appellant owed him no duty except not to willfully or wantonly injure him, and there being no evidence of willfulness or gross negligence on the part of appellant, there was no liability. Appellant concedes that, under the law, if appellee was an invitee he was due reasonable care. To sustain his contention appellant refers to the dangerous premises doctrine, which is, briefly stated, that the owner of dangerous premises is not liable to a mere licensee thereon receiving an injury from such danger, except where the injury is the result of willfulness, wantonness, or gross negligence on the part of the owner of the premises.

The dangerous premises doctrine has little, if any, application. The controlling question is more nearly one of carrier and gratuitous passenger, or driver of an automobile and guest. Appellant voluntarily entered into a relation of a gratuitous character. He undertook to transport appellee to New Orleans and return. It is immaterial that appellee initiated the negotiations which resulted in the trip—that it was upon his request that appellant gave him the trip. The fact that appellee asked this favor of appellant, conceding that it made him a self-invited guest, we do not think gave him the legal status of either a licensee or a wrongdoer. The Supreme Court of Louisiana has determined this question against appellant's contention. Jacobs v. Jacobs, 141 La. 272, 74 So. 992, L. R. A. 1917F, 253; Denham et al. v. Taylor et al., 19 La. App. 814, 132 So. 372; Lawrason v. Richard, 172 La. 696, 135 So. 29; Barber v. El Dorado Lumber Co., Inc. (La. App.), 139 So. 29; Timberlake v. Cassidy, 1 La. App. 630. In the Timberlake case the court held that one who invites others to ride in his automobiles does not necessarily have to be guilty of gross negligence and willful recklessness in order to be held responsible for the damage caused by the accident. In the Jacobs case the

court held that the driver of an automobile who has invited a guest to ride with him is not absolved from responsibility for negligence or imprudence merely because he is performing a gratuitous service or favor to his companion. The rule is the same in this state. Cowart v. Lewis, 151 Miss. 221, 117 So. 531, 61 A. L. R. 1229; Westerfield v. Shell Petroleum Corp. et al., 161 Miss. 833, 138 So. 561.

Appellant's criticism of the action of the court in granting the instructions given appellee is not of sufficient merit to call for a discussion, except as to instruction No. 11. In that instruction the court told the jury that if they believed from a preponderance of the evidence that defendant's truck, in which appellee was riding, was being driven around a curve within the corporate limits of the city of Slidell at a greater rate of speed than ten miles an hour, and that such excessive speed, if any, proximately caused the injury, and at the time appellee was an invited guest, they should find for the plaintiff. It appears that the city of Slidell had an ordinance prohibiting within its corporate limits a speed above ten miles an hour. Appellant's principal criticism of the instruction is the language, "at a greater speed than ten miles an hour. Appellant's principal criticism of the in-language is qualified by the further language that the jury must believe from the evidence that such speed was excessive. Appellant argues that the ordinance of the city of Slidell had nothing to do with the case. We are inclined to the view that that contention is sound. The question is whether or not appellant was negligent, regardless of the ordinance. It may be conceded that the instruction was erroneous, nevertheless, taken in connection with the other instructions in the case, it was not misleading to the jury. The jury was time and again informed by the instructions that it was necessary for

the evidence to show that the truck was being driven at an excessive and dangerous rate of speed.

Affirmed.

## ON SUGGESTION OF ERROR.

**Griffith, J.,** delivered opinion of the court on suggestion of error.

Appellant has argued in his suggestion of error, with persuasiveness and ability, that there should be a distinction between a person who is being gratuitously transported in a motor vehicle, upon request for the favor by the person thus transported, and one who, without his request or suggestion, has been invited by the owner or authorized driver. Appellant urges that inasmuch as civilization must advance, as it has advanced, by the gradual elimination of selfishness and the promotion of mutual helpfulness, the establishment of the rule that an owner or driver, who accedes to the call and solicitation of a weary and foot-sore pedestrian, and takes him into a motor vehicle to help him on his way, shall be liable in damages other than for willful or wanton injury, is to set back or retard the processes through which our laws are seeking to find higher levels, and more humane methods of expression.

If the rule against which appellant is contending made the owner or authorized driver a guarantor of the absolute safety of the person who is being gratuitously transported at his own request, what appellant urges would be of compelling force. But the rule embraces no such liability as that just stated. The person being gratuitously transported, without regard to whether he made the request or whether the owner or authorized driver initiated the invitation, assumes all the ordinary risks of injury from dangers and accidents incident to automobile travel. What the rule requires, and all it re-

quires, is that when the owner or authorized driver accedes to the request for a gratuitous transportation the driver must use ordinary and reasonable care not to injure the person thus transported. We must declare that the rule is in strict accordance with humane, unselfish, and mutually helpful considerations, rather than if the rule were otherwise; for it requires of the owner or authorized driver that when mindful of the needs of the weary and foot-sore pedestrian, and so mindful, thereupon gives him a lift, whether with or without his request, the driver shall continue to be mindful of the calls of humanity, and shall not negligently cripple or kill the person who has thus been taken under his care. As said by the Supreme Court of Alabama, Wurtzburger v. Oglesby, 222 Ala. 151, 131 So. 9, 11, in discussing this identical question, ''Everywhere the sacredness of life and limb is the declared basis upon which the law imposes a duty of care.''

There was a division among the earlier authorities on this question, but the modern decisions are almost unanimous in the holding, with which we agree, that there is no admissible distinction between the self-invited guest, one who himself invites the favor, and the guest who is first invited by the host, for in either case the person being transported is accepted by the owner or authorized driver into his care and keeping, and the latter is in control of an instrumentality which when put in motion becomes dangerous if not handled with proper caution, whereas the person being transported is without control or power to save himself from the illegitimate dangers created by the negligence of the driver in acting otherwise than with due and reasonable care. See the authorities grouped in the annotations, 42 C. J. p. 1057; and particularly the cases, Munson v. Rupker (Ind. App.), 148 N. E. 169, 173; Black v. Goldweber, 172 Ark. 862, 291 S. W. 76; Holdhusen v. Schaible (S. D.), 244 N. W. 392; Robinson v. Leonard, 100 Vt. 1, 134 A. 706; Wurtzbur-

ger v. Oglesby, supra; and the recent Louisiana cases, Chanson v. Morgan's, etc., Co., 18 La. App. 602, 136 So. 647; Barber v. Lbr. Co. (La. App.), 139 So. 29.

Suggestion of error overruled.