JACKSON *v.* LEGGETT.

(Division A. May 29, 1939.)

[189 So. 180. No. 33706.]

A. S. Scott, of Laurel, for appellant.

**Welch & Cooper** and **B. F. Carter,** all of Laurel, for appellee.

Argued orally by **A. S. Scott** for appellant, and by **Ellis B. Cooper,** for appellee.

**McGowen, J.**, delivered the opinion of the court.

The appellant, who was employed by the appellee, Leggett, a dentist, sued him for damages, alleging that while she was in his office he wilfully and unlawfully

struck a violent blow on her mouth with his fist, loosening her teeth, cutting both upper and lower lips; and accompanied said wilful and wanton conduct with vile and opprobrious epithets.

Appellant testified on the trial that on the day of the assault and battery, about 2:30 in the afternoon, she left the office of Dr. Leggett to go to the rest room; that she met Mr. Frank Folmar and Miss Geneva Grafton at the head of the stairway and talked to them. When Miss Grafton left, she continued to converse with Mr. Folmar, and when she heard her employer call her, she went to the screen door opening into the reception room, and there he said to her in a loud angry tone of voice, "Who the hell are you working for?" She opened the screen door to enter and get her purse when he said, "In the meantime, God damn you, you are fired," and further said, "Get out, you bitch," and said again, "God damn you." Dr. Leggett then doubled his right fist and hit her very hard in the mouth, knocking her against the wall. Her lower and upper lips were cut, and one tooth knocked completely through her lower lip. When she regained consciousness, about thirty minutes later, she was in the rest room, and remained there until about 4:15 P. M. when she heard her mother and sister-in-law in the reception room of Dr. Leggett, and she called to them and exhibited her swollen and bleeding lips. In this, she was corroborated by the mother and sister-in-law. Later, that day, she visited Dr. Ramsey, who, on examination, verified the fact that she had received a blow on the lips, though he did not consider the injury serious. Within a few days, Dr. Copeland treated her lips and prescribed for her. He found some of her teeth loose.

Mr. Folmar testified that he heard oaths uttered by a male voice when he was going down the steps of the stairway. No other witness corroborated her as to the assault and battery.

Dr. Leggett denied using any profane, vile, or impolite language, and denied that he struck the appellant. He

was corroborated by Mr. and Mrs. Welborn, and other occupants of the building testified that they did not hear anything unusual that afternoon.

The court granted the following instructions to the appellee:

"The court instructs the jury for the defendant that the burden of proof is upon the plaintiff to prove by a preponderance of the evidence that the defendant, Dr. Leggett, struck the plaintiff in the mouth and used toward her language of an insulting nature. And unless so proven, it is your sworn duty to find for the defendant."

"The court instructs the jury for the defendant that the plaintiff has charged in the declaration that the defendant struck her in the mouth with his fist and said to her 'You God-damn bitch, you are fired.' The burden of proving this by a preponderance of the evidence rests upon the plaintiff. And unless so proven, it is your sworn duty to find for the defendant."

It is contended by appellant that these instructions are fatally erroneous, and induced the verdict of the jury.

It is argued mainly by the appellant that by these instructions the jury was advised that it must find, by a preponderance of the evidence, that appellee not only struck her, but that it must also find that he said to her, "You God damn bitch, you are fired."

It is further argued that these instructions are in direct conflict with an instruction granted by the court to appellant in these words: "The Court instructs the jury for the plaintiff that if you believe by a preponderance of the evidence in this case that defendant in anger and wilfulness called plaintiff to the door and asked her 'Who in the hell are you working for—you are fired' and she started into the office to get her purse, and defendant struck her in the mouth with his fist, inflicting injury upon her and said 'Get out, you —— bitch' or words to this effect, then you must find for plaintiff; or if you

believe from a preponderance of the evidence that defendant struck her in anger and inflicted injury upon her without vile language, then you must find for plaintiff.''

By the latter instruction, the jury was told that if it found by a preponderance of the evidence that defendant struck her and did not use the vile language attributed to him, the jury should return a verdict for the plaintiff.

We think these instructions for appellant correctly announce the law. The declaration counted on an assault and battery. The allegation that, at the time Dr. Leggett struck her, he applied to her vile and opprobrious epithets could only have been alleged as in aggravation of the offense of assault and battery, and its wilfullness. The declaration was only on one count. There was no effort to allege liability because of common law slander, or under our actionable words statute.

Appellee argues that the insulting words and the assult and battery were rendered inseparable by the allegations of the declaration, and all of the evidence in her behalf. This argument is not logical, for the jury might well have believed that appellee struck her but did not apply the epithets. Five witnesses testified that they saw her bruised lips on the afternoon of the occurrence. There was but little, if any, corroboration of the opprobrious epithets claimed to have been uttered.

Neither can we say that because the appellant secured other instructions with a statement of facts, including both cursing and assault and battery, thereby the error in appellee's instruction here complained of is cured. Other instructions of the appellant do not conflict with the instructions given by the court in her behalf to the effect that she might recover for an assault and battery even though no opprobrious epithets were used.

The two instructions herein set out are in hopeless conflict and cannot be reconciled. This record discloses no cure for the error. The case is reversed because these

instructions did not state the law of the case. See Herndon v. Henderson, 41 Miss. 584; Solomon v. City Compress Co., 69 Miss. 319, 10 So. 446, 12 So. 339; Illinois Cent. R. R. Co. v. McGowan, 92 Miss. 603, 46 So. 55; Mahaffey Company v. Russell & Butler, 100 Miss. 122, 54 So. 807, 945; Godfrey v. Meridian Ry. & Light Co., 101 Miss. 565, 58 So. 534; Alabama & V. R. Co. v. Cox, 106 Miss. 33, 63 So. 334; Columbus & G. R. Co. v. Phillips, 160 Miss. 390, 133 So. 123; King v. King, 161 Miss. 51, 134 So. 827; Jefferson Standard Life Ins. Co. v. Jefcoats, 164 Miss. 659, 143 So. 842; Kansas City M. & B. R. R. Company v. Lilly, Miss., 8 So. 644, and Hines v. Lockhart, Miss. 105 So. 449. The instruction for the appellant correctly stated the law, while those complained of given for the appellee did not. There was a "head-on" collision between the two instructions.

We find no other reversible error in this record.

Reversed and remanded.