NOWELL *et al. v.* HENRY.

(Division A. March 22, 1943.)

[10 So. (2d) 540. No. 35165.]

**Jno. T. Smith** and **W. D. Jones**, both of Cleveland, for appellants.

**Dugas Shands** and **Palmer Lipscomb,** both of Cleveland, for appellee.

Argued orally by **Jno. T. Smith,** for appellants, and by **Dugas Shands,** for appellee.

**Roberds, J.,** delivered the opinion of the court.

Appellee was plaintiff and appellants were defendants in the lower court. They will be so called in this opinion.

A number of errors are assigned on this appeal, but it is necessary that we pass only upon the correctness of two challenged instructions granted the plaintiff.

This action is for damages for bodily injuries and humiliation resulting, as is claimed by plaintiff, from an unjustified personal assault and battery by defendants, with hands and feet, upon the plaintiff, aggravated and accompanied by vile and insulting language toward him.

Defendants deny the use of the language but admit an assault and battery upon plaintiff by defendant, Elmer Nowell, rightfully and necessarily made, as defendants assert, to prevent an apparently dangerous attack upon Elmer Nowell by the plaintiff by the use of a chair.

There is sufficient evidence to support either the charge of plaintiff or the pleas of defendants. The jury returned a verdict for plaintiff.

The plaintiff obtained from the court the following instructions:

"The court instructs the jury for the plaintiff that if you believe from a preponderance of the evidence in this case that Elmer J. Nowell and Jack Nowell hit, or choked, or kicked, or insulted, or dragged, or abused or cussed said plaintiff, without legal justification, then it is your sworn duty to return a verdict for the plaintiff in this case."

"The court instructs the jury on behalf of the plaintiff that if you believe from a preponderance of the evidence in this case that the defendants herein hit or choked or kicked, or insulted, or dragged, or abused, or cussed the plaintiff, and that such was wilful, or wanton, or malicious, then, in addition to assessing the actual damages suffered and sustained by the said plaintiff, you may award exemplary or punitive damages in such an amount as you may deem just and proper, and in arriving at the amount thereof you may consider the financial worth of the defendants."

Both of these instructions use the disjunctive "or." Under the first the jury could return a verdict against defendants for actual damages if it believed defendants, without legal justification, "abused or cussed" the plaintiff, even though no assault or battery was committed upon him. Likewise, under the second, it could have returned a verdict for both actual and punitive damages if the jury believed the cursing or abuse was willful and malicious. Under neither was it necessary for plaintiff to prove an assault or battery.

Mere words, however provoking or insulting, do not constitute an assault (and, of course, not an assault and battery) without actual offer of physical violence. 6 C. J. S. Assault and Battery, p. 799, sec. 5, subsec. b; 4 Am. Jur., p. 134, sec. 12.

"The great weight of authority, under the common law, is that mere words, however offensive or insulting, when the conduct of the party does not amount to an assault, are not actionable." Continental Casualty Co. v. Garrett, 173 Miss. 676, 161 So. 753, 754; Republic Iron & Steel Co. v. Self, 192 Ala. 403, 68 So. 328, L. R. A. 1915F, 516. It is true in the casualty company case, supra, recovery was allowed, but upon grounds other than mere words.

Under both instructions recovery might have been had even though defendants were justified in striking the plaintiff to prevent a battery by him upon them, if at the time they "cussed" or "abused" the plaintiff, and the second failed to give defendants the right of legal justification if their acts were reasonably necessary as a defense against apparent danger at the hands of the plaintiff.

It is true the defendants obtained an instruction that the jury could not return a verdict against them unless they believed the defendants committed physical violence upon plaintiff, but this instruction was in direct conflict with the two foregoing instructions granted the plaintiff, and they cannot be reconciled. For a case not directly in point but closely analogous to this see Jackson v. Leggett, 186 Miss. 123, 189 So. 180.

There was no attempt to allege liability either for common law slander, or under our actionable word statute.

Reversed and remanded.