LIPNICK *v.* NEW YORK LIFE INS. CO.

Division B. June 11, 1951.

No. 37944 (52 So. (2d) 916)

834

**Neill, Clark & Townsend,** for appellant.

Forrest G. Cooper and Watkins & Eager, for appellee.

836

Arrington, C.

The appellant, Jacob Lipnick, brought suit against the New York Life Insurance Company, appellee herein, in the Circuit Court of Sunflower County Mississippi. From a judgment for the appellee, the appellant appeals.

Since February 10, 1927, the appellant has carried two life insurance policies with the appellee. These policies provided for additional benefits in the event of total and permanent disability, which is the basis of this suit. The appellant brought suit for the benefits accruing under both policies. The provisions of the policies as to total and permanent disability are as follows: ''Disability shall be considered total whenever the Insured is so disabled by bodily injury or disease that he is wholly prevented from performing any work, from following any occupation, or from engaging in any business for remuneration or profit, provided such disability occurred after the insurance under this policy took effect and before the anniversary of the policy on which the Insured's age at nearest birthday is sixty.''

The evidence in this case shows without dispute that the appellant was sixty years of age at the time this case was tried and that he had diabetes, from which disease he had been suffering since 1939; that on July 18, 1949, the appellant filed suit, claiming that he was totally and permanently disabled within the meaning and terms of the policies. The appellee answered and denied that the appellant was continuously and wholly disabled within

the meaning of the provision of said policies, which trial resulted in a verdict for the appellee as aforesaid.

The main assignment of error argued by the appellant is that the lower court erred in granting the appellee the following instruction: ''The court instructs the jury for the defendant that the plaintiff is not entitled to recover on his claim of total and permanent disability unless you find from the evidence that the insured is so disabled by bodily disease that he is wholly prevented from performing any work, from following any occupation, or from engaging in any business for profit, and that he will be so disabled continuously for the remainder of his life.''

Total disability has been defined a number of times by this Court on similar provisions contained in insurance policies. In Mutual Benefit Health and Accident Association v. Mathis, 169 Miss. 187, 142 So. 494, 496, the Court said: ''It is settled doctrine in this state that, ▓▓ in order for one to be totally disabled within the meaning of a health or accident insurance policy, it is not necessary that he be wholly incapacitated to perform any duty incident to his usual employment or business, but, if the insured is prevented by his injury or illness from doing the substantial acts required of him in his business, or if his physical condition is such that, in order to effect a cure or prolongation of life, common care and prudence require that he cease all work, he is totally disabled within the meaning of such policies. Metropolitan Cas. Insurance Co. v. Cato, 113 Miss. 283, 74 So. 114; Equitable Life Insurance Society v. Serio, 155 Miss. 515, 124 So. 485, 486; Metropolitan Life Insurance Co. v. Lambert, 157 Miss. 759, 128 So. 750, 752.''

In the Lambert case, supra, the defendant insurance company requested the following instruction which was refused by the lower court: ''The court instructs the jury for the defendant that if you believe from the evidence in this case that the plaintiff has performed any work or engaged in any occupation for compensation or profit

since the date of January 10th, 1928, then it will be your sworn duty to find for the defendant."

The Court held that the refusal of this instruction was not error.

We are of the opinion that █ the instruction granted in this case did not correctly state the law. The appellant obtained the two following instructions:

"Instruction No. 1 for Plaintiff

"The Court instructs the jury for the plaintiff that in order for one to be totally disabled within the meaning of the insurance policies here sued on, it is not necessary that he be wholly incapacitated to perform any duty incident to his usual employment or business, and the Court instructs you that if you believe from the evidence that the plaintiff is prevented by his illness from doing the substantial acts required of him in his business, or if you believe from the evidence that his physical condition is such that common care and prudence require that he cease doing all substantial acts required of him in his business, then you will find for the plaintiff in the amount sued for, if you further believe from the evidence that the disability of plaintiff is permanent."

"Instruction No. 2 for Plaintiff

"The Court instructs the jury for the plaintiff that if you believe from the evidence that the plaintiff is not wholly incapacitated to perform any of the duties incident to his usual work, or from following any occupation, or from engaging in any business for remuneration or profit, yet, if you believe from the preponderance of the evidence that the plaintiff is prevented by his bodily disease from doing the substantial acts required of him in his business, then the plaintiff is totally disabled within the meaning of the insurance policies here sued on, and you will find for the plaintiff in the amount sued for, if you further believe from the preponderance of the evidence that the disability of the plaintiff is permanent."

The appellee argues that even if the instruction complained of is erroneous, it was cured by the above instructions. The general rule is that all instructions are to be construed together and if the jury is furnished a correct guide as to the applicable principles of law, there will be no error, although one or more of the instructions are technically erroneous. However, in the instant case, the instruction complained of did not correctly state the law with reference to total disability, was conflicting and irreconcilable with the instructions given the appellant. In Jackson v. Leggett, 186 Miss. 123, 189 So. 180, 182, the Court said: ██ ██ ''The two instructions herein set out are in hopeless conflict and cannot be reconciled. This record discloses no cure for the error. The case is reversed because these instructions did not state the law of the case. . . . (authorities cited) . . . The instruction for the appellant correctly stated the law, while those complained of given for the appellee did not. There was a 'head-on' collision between the two instructions.''

The evidence in this case as to whether or not the appellant was totally and permanently disabled was conflicting and presented a question for the determination of the jury under proper instructions. We are unable to say that the appellant was not prejudiced by the erroneous instruction granted.

Reversed and remanded.

PER CURIAM.

The above opinion is adopted as the opinion of the Court, and for the reasons therein indicated, the case is reversed and remanded.