HATCHER *v.* DANIELS

No. 40093 May 21, 1956 87 So. 2d 490

*James T. Bridges,* Belzoni; *Barnett, Jones & Montgomery,* Jackson, for appellant.

*Montgomery & Varnado,* Belzoni, for appellee.

KYLE, J.

This case is before us on appeal by R. L. Hatcher, the plaintiff, from a judgment of the Circuit Court of Humphreys County in favor of E. R. Daniels, the defendant, in an action for damages for personal injuries alleged to have been sustained by the plaintiff as a result of a motor vehicle accident which occurred while the plaintiff was riding in a pickup truck which was being operated by the defendant. The case was submitted to a jury, and the jury returned a verdict for the defendant. The appellant assigns as errors on this appeal two instructions granted to the defendant. The appellee, E. R. Daniels, has filed a cross-appeal and assigns as error the refusal of the lower court to grant the appellee's request for a directed verdict.

The facts developed during the trial were substantially as follows: The appellant, R. L. Hatcher, was the owner of an undivided one-half interest in a fishing camp on the Sunflower River. The appellee, E. R. Daniels, together with several other persons, owned the remaining interest in the fishing camp. On the afternoon of May 19, 1954, the appellant and the appellee left their homes in or near the Town of Louise and drove to the fishing camp, taking with them a colored boy, Jim Cole. They traveled in a pickup truck owned and operated by the appellee. The road which they traveled was an unimproved dirt road cut through the woods, with ruts and stumps in the roadway, and also grass and weeds growing up around the stumps. The appellant and the appellee had traveled the road many times, and both knew the hazards and dangers incident to travel over the road. No accident occurred on their trip into the camp.

The parties spent the night at the camp and returned to their homes at Louise the following day over the same

road that they had traveled on their way into the camp. Rain had fallen during the evening and night, and there were mud holes in the road. Hatcher testified that, as they started toward home, he said to the appellee, ''Elmer, drive careful, don't hit anything, these roads are bad.'' The ruts in the road were filled with water in some places, and the strips of roadway between the ruts were covered over with weeds and grass. There were some dry spots in the road, but the appellant himself testified that the road was very bad, and on the way back from the camp they came to a puddle of water, 40 or 50 feet in length. The appellee slowed down and as he got close to the puddle of water shifted the gear of the truck into second and increased his speed to go through the puddle of water. As the truck was proceeding through the puddle of water the front axle struck a stump that was concealed by the grass in the middle of the road; the truck stopped suddenly, and the appellant was thrown forward into the windshield of the truck. The appellant's face was bruised and his neck and arms were injured, and the appellant had not fully recovered from the effects of his injury at the time of the trial.

The negligence charged in the plaintiff's declaration was, that the defendant negligently failed to keep and maintain a proper lookout on the road ahead of him, that he negligently failed to have the truck under free, easy and reasonable control, and that he negligently increased the speed of his truck as he shifted the gear into second, and negligently drove the vehicle into the long puddle of water without first ascertaining by proper lookout that the road ahead was clear of obstacles. The defendant in his answer denied that he was negligent in the operation of his vehicle, and as additional matter in defense of the suit averred that the plaintiff and the defendant mutually agreed to make the trip to the fishing camp in the defendant's truck with full knowledge

of the known and obvious dangers incident to the operation of the vehicle over and along the fishing camp road, and that the plaintiff and the defendant mutually assumed the risk incident to traveling along the road.

The only points argued by the appellant's attorneys as grounds for reversal of the judgment of the lower court are the alleged errors in the two instructions granted to the defendant, which appear on pages 97 and 98 of the record.

The first of the two instructions is as follows:

"The Court instructs the jury for the defendant that if you believe from a preponderance of the evidence that the road upon which plaintiff and defendant were riding was a blind, fishing camp road, that same contained brush and stumps over which the car passed, that the plaintiff knew that this was the condition of the road; and that plaintiff, knowing this condition of the road, voluntarily rode along same with the defendant in the face of this known risk and danger, the plaintiff assumed the risk incident to travel along this road, and you will find for the defendant."

The other instruction complained of is as follows:

"The Court instructs the jury for the defendant that if you believe from the evidence that the plaintiff was being transported without charge therefor, then the plaintiff assumed all of the ordinary risks of injury from dangers and accidents incident to automobile travel, and if you further believe from the preponderance of the evidence that the accident and injury to the plaintiff was proximately caused from dangers and accidents incident to automobile travel under the facts and circumstances shown by the evidence, then you must return a verdict for the defendant."

It is argued that the first instruction is erroneous for the reasons: (1) That the instruction eliminated from the jury's consideration the question of the de-

fendant's negligence; (2) that there was no evidence in the record to show that the appellant was apprised of any danger in the road; and (3) that the presence of the stump in the road merely furnished the occasion for the injury, and was not the proximate cause of the injury. It is argued that the second instruction is erroneous for the reason that the instruction in effect told the jury that they must return a verdict for the defendant if they believed from the evidence that the accident resulted from the dangers incident to automobile travel on the road, even though the jury might believe that the defendant was negligent in the operation of his vehicle, and that such negligence proximately contributed to the accident.

Both of the above mentioned instructions are erroneous and neither of the instructions should have been granted in the form requested.

 The first instruction is erroneous, not because the evidence failed to show that the appellant was apprised of the dangers incident to travel over the road, or that the stump merely furnished the occasion for the injury, but because the instruction in effect told the jury that if they believed from the evidence that the road was a blind, fishing camp road, and that there were stumps and brush in the road, and that the plaintiff knew that this was the condition of the road, yet voluntarily rode with the defendant in the truck, the plaintiff assumed the risk incident to travel along the road and the jury should find for the defendant, even though the jury might believe from the evidence that the defendant was negligent in failing to keep a proper lookout for stumps and other obstructions in the road or in driving at a greater rate of speed than was reasonable under the conditions then existing, and that the accident was caused by the defendant's negligence. The second instruction is erroneous because the instruction in effect told the jury that they must return a verdict for

the defendant if they believed from the evidence that the accident resulted from the hazards and dangers incident to motor vehicle travel over the fishing camp road even though the jury might believe from the evidence that the defendant was negligent in the operation of his motor vehicle and that his negligence contributed to the accident.

██ ██ The rule is well established by decisions of our own Court that the owner or operator of an automobile owes the duty to an invited guest to exercise reasonable care in its operation, and not unreasonably to expose him to danger and injury by increasing the hazard of travel. Cowart v. Lewis, 151 Miss. 221, 117 So. 531, 61 A.L.R. 1229; Westerfield v. Shell Petroleum Corp. et al., 161 Miss. 833, 138 So. 561; Green v. Maddox, 168 Miss. 171, 149 So. 882. And it was error for the court to grant the above mentioned instructions for the reason that the instructions eliminated from the jury's consideration the question of the defendant's negligence in the operation of his vehicle.

██ ██ Appellant's attorneys argue that the above mentioned instructions are erroneous for the additional reason that there was no evidence in the record to show that the appellant was apprised of any danger in the road, and that the appellant did not assume any risk on that account. But there is no merit in this contention. The record shows that the appellant knew the hazards and dangers incident to motor vehicle travel on the fishing camp road. The appellant testified that he knew the road was bad, and that it had holes and ruts in it, and that there were stumps in the road. He admitted that they hit a stump with the right fender just before they got to the camp; and he stated that he remembered that when they were coming out to the road from the river he said, ''Elmer, drive careful, don't hit anything, these roads are bad.''

■■■ An occupant of a motor vehicle, as an invited or permissive guest, assumes the risk, as between himself and his host, of injury from known or obvious dangers or hazards incident to the ordinary operation of the vehicle, and, therefore, cannot recover for injuries resulting therefrom. He assumes all the ordinary risks of injury incident to travel in a motor vehicle controlled by a reasonably prudent driver. 61 C.J.S., pp. 95, 96, Motor Vehicles, Sec. 486G. He does not, however, assume the risk of a danger created by the negligent operation of a motor vehicle over which he has no control. 61 C.J.S., p. 100, Motor Vehicles, par. 487 b, and cases cited. See also Green v. Maddox, 168 Miss. 171, 172, 149 So. 882, 151 So. 160; Monsour v. Farris et al., 181 Miss. 803, 181 So. 326; Saxton v. Rose, 201 Miss. 814, 29 So. 2d 646; Gower v. Strain, 169 Miss. 344, 145 So. 244.

■■■ The appellant in this case, in our opinion, assumed the risk, as between himself and his host, of injury from known or obvious dangers and hazards incident to the operation of the pickup truck over and along the fishing camp road. But he did not assume the additional risk of being injured as a result of the failure of the appellee, if there was such failure, to exercise reasonable care in the operation of his vehicle over and along the road which they were traveling.

■■■ It is earnestly contended on behalf of the appellee, that even though the two instructions mentioned above were erroneous the errors complained of were rendered harmless by other instructions granted to the appellant which clearly stated that, if the jury believed that the defendant failed to use that degree of care and caution in the operation of his vehicle that an ordinarily prudent person would exercise under the same or similar circumstances, and that his failure to use such degree of care and caution proximately cause or contributed to the plaintiff's injuries, then it was their duty to return a verdict for the plaintiff. But the difficulty with which

we are confronted here is, that there was an irreconciliable conflict between the instructions granted to the defendant and the instructions granted to the plaintiff. The plaintiff's instructions embodied a substantially correct statement of the law of negligence relating to the duty owed by the operator of a motor vehicle to an invited guest to exercise reasonable care in the operation of his motor vehicle, and not unreasonably to expose him to danger and injury by increasing the hazard of travel; while the two instructions granted to the defendant eliminated from the consideration of the jury entirely all questions relating to the duty of the driver of the motor vehicle to exercise reasonable care. The errors in the instructions granted to the defendant were not cured by the contradictory instructions granted to the plaintiff. Mere contradictory instructions do not cure erroneous instructions. Russell v. Williams, 168 Miss. 181, 150 So. 528, 151 So. 372; May v. Culpepper, 177 Miss. 811, 172 So. 336; Jackson v. Leggett, 186 Miss. 123, 189 So. 180; Nowell v. Henry, 194 Miss. 310, 10 So. 2d 540; Lipnick v. New York Life Ins. Co., 211 Miss. 833, 52 So. 2d 916.

For the errors complained of in the two instructions mentioned above the judgment of the lower court must be reversed on the direct appeal and the cause remanded for a new trial.

 The appellee has assigned as error on his cross-appeal the refusal of the lower court to grant the appellee's request for a directed verdict. But we think there was sufficient evidence in the record to justify the submission of the case to the jury on the negligence issue, and there was no error in the refusal of the trial judge to grant the appellee's request for a directed verdict.

For the reasons stated above the judgment of the lower court is reversed on direct appeal and affirmed on cross-appeal, and the cause is remanded.

Reversed on direct appeal and affirmed on cross-appeal, and remanded.

*Roberds, P. J.,* and *Arrington, Ethridge* and *Gillespie, JJ.,* concur.