413 So.2d 1020 (1982)
David D. McLEOD
v.
James W. WHITTEN, Jr.
No. 53183.
Supreme Court of Mississippi.
May 12, 1982.
*1021 Ramsey, Bodron, Robinson, Andrews & Yoste, Dean Andrews, Jr., H.M. Yoste, Jr., Vicksburg, for appellant.
Campbell & DeLong, Roy D. Campbell, Jr., Greenville, for appellee.
Before SUGG, P.J., and ROY NOBLE LEE and DAN M. LEE, JJ.
ROY NOBLE LEE, Justice, for the Court:
David D. McLeod filed suit against James W. Whitten, Jr. in the Circuit Court of Issaquena County, Honorable John E. Ellis, presiding, for personal injuries sustained in a one-vehicle accident. The jury returned a verdict in favor of Whitten, judgment was entered in his behalf, and McLeod has appealed here. Whitten has cross-appealed and contends that the Court erred in declining to sustain his plea in bar raising the validity of a release executed by McLeod.
Appellant and appellee are brothers-in-law, and they and their families ate Christmas dinner together in Vicksburg at noon on December 25, 1976. Later that afternoon, appellant and appellee decided to drive into nearby Issaquena County and look for deer in soybean fields. Appellee was driving his four-wheel drive pickup truck and appellant was sitting on the passenger side. There was a drizzling rain and visibility was limited. The field was rough in places and the men were jostled about as the truck made its way over and around the fields. Appellee drove the vehicle approximately ten (10) to twelve (12) miles per hour as he looked to the front and to his left for deer, while appellant looked to the front and to his right for deer. Suddenly, without warning, the front wheels of the truck dropped into a natural washout or ditch, approximately three (3) feet deep and three (3) feet wide, running perpendicular to the truck. Appellant, whose seatbelt was not fastened, was thrown forward into the dashboard and windshield, causing his head to strike the windshield and, as a result, he sustained serious injuries. Three (3) friends were called on the CB radio, and they arrived in four-wheel Jeeps, pulled the Whitten truck out of the ditch and transported appellant to an awaiting ambulance on the highway. Subsequently, appellant was treated and operated for a ruptured disc and suffered a permanent disability from the accident.
Appellee, in his defense, contended appellant assumed the risk involved in riding over the soybean fields with appellee and hunting deer under the circumstances hereinabove stated.
Appellant contends (1) that the lower court erred in granting assumption of risk Instruction D-3 over his objection, and (2) the lower court erred in failing to grant him a peremptory instruction on the issue of liability.
The Instruction D-3 follows:
The Court instructs the jury that if you find from a preponderance of the evidence in this case that the Plaintiff
(1) undertook to hunt for deer by riding in the Defendant's 4-Wheel-drive pickup truck over wet, muddy harvested bean fields in the late afternoon of Christmas Day when it was drizzling rain and visibility was poor and that the position in which the Plaintiff thereby placed himself was inconsistent with the Plaintiff's safety by reason of the danger that the Defendant's truck might encounter rough ground with resultant injury to either or both occupants of Defendant's pickup truck;
(2) that the plaintiff knew and appreciated the danger; and
(3) that the Plaintiff deliberately and voluntarily chose to expose himself to that danger in such a manner as to assent to the continuance of the dangerous situation or activity; *1022 then the Plaintiff assumed the risk of injury and cannot recover from the Defendant, and your verdict must be for the Defendant.
Appellant's objection to the instruction included omission of the question whether or not appellee was exercising due care in the operation of his vehicle at the time of the accident.
As stated in Elias v. New Laurel Radio Station, 245 Miss. 170, 146 So.2d 558 (1952), there are three (3) essentials involved in assumption of risk:
(1) Knowledge on the part of the injured party of the condition inconsistent with his safety; (2) appreciation by the injured party of the danger in the condition; and (3) a deliberate and voluntary choice on the part of the injured party to expose his person to that danger in such a manner as to register assent on the continuance of the dangerous condition. [245 Miss. at 179, 146 So.2d at 561-562].
The facts of Hatcher v. Daniels, 228 Miss. 196, 87 So.2d 490 (1956) are similar to those in the present case. There, Hatcher and Daniels owned a fishing camp and late one evening they drove to the camp in Daniels' pickup truck. The road was an unimproved dirt road cut through the woods with ruts and stumps in the roadway, and grass and weeds growing up around the stumps. The parties had traveled the road often and both knew the hazards and dangers incident to travel over the road. As they returned the next day after a rain had caused ruts, mudholes and pools in the road, Hatcher told Daniels to watch out because the roads were bad. As Daniels started through a puddle of water, he accelerated the speed of the truck but it was stopped suddenly by a stump that was covered by water. Hatcher was injured and sued Daniels, charging negligence in the operation of the truck. Daniels denied negligence and asserted assumption of risk as a defense.
The Hatcher Court held that granting the instruction was error, stating the rule is well established that the owner or operator of an automobile owes the duty to an invited guest to exercise reasonable care in its operation and not to unreasonably expose him to danger and injury by increasing the hazard of travel. Further, the Court said the instruction eliminated from the jury's consideration the question of the defendant's negligence in the operation of the vehicle. The Court also stated:
An occupant of a motor vehicle, as an invited or permissive guest, assumes the risk, as between himself and his host, of injury from known or obvious dangers or hazards incident to the ordinary operation of the vehicle, and, therefore, cannot recover for injuries resulting therefrom. He assumes all the ordinary risks of injury incident to travel in a motor vehicle controlled by a reasonably prudent driver. He does not, however, assume the risk of a danger created by the negligent operation of a motor vehicle over which he has no control. [228 Miss. at 207, 87 So.2d at 493].
Herod v. Grant, 262 So.2d 781 (Miss. 1972), involved facts similar to the present case, except that Herod and Grant were headlighting deer at 10:00 at night. Grant was driving a truck across a cultivated field at speeds up to twenty (20) miles per hour, while Herod sat on the toolbox in the rear of the truck. As they chased a deer, the truck swerved, and Herod was thrown out and injured. Under those facts, the Court held that Herod assumed the risk which resulted in his injury. Also see Singleton v. Wiley, 372 So.2d 272 (Miss. 1979).
Herod v. Grant, supra, followed the Georgia deer hunting case of De Winne v. Waldrep, 101 Ga. App. 570, 114 S.E.2d 455 (1960). There, the plaintiff was standing in the back of the defendant's pickup truck leaning against the cab while they hunted deer. The defendant was watching deer and failed to see a tree until the truck was so close that he had to swerve in order to miss it. The plaintiff fell out of the truck and was injured. In holding that the plaintiff should reasonably have foreseen that a bump or turn might throw him out of the truck, the Georgia Court said in part:
Especially should this have been realized when the plaintiff's attention would not *1023 be on the route over which the truck would travel but must of necessity have to be on the deer being hunted. [114 S.E.2d at 457].
Appellee testified that he didn't see the washout before running into it; that they were in a wide-open field and he didn't think it as necessary to watch for obstacles as on a highway; that he was looking out the window for deer at the moment he hit the ditch and didn't know which way he was looking; and that it was light but getting a little dark.
Appellant testified that he knew, in riding over the bean fields, that they would be jostled about in the truck and that there were going to be soft spots, chuck holes, rough places and washouts in the fields. He further testified:
Q It is drizzling rain?
A Yes, sir.
Q Hazy. Didn't you say it was hazy?
A Yes, sir.
Q And visibility, while it wasn't dark, was limited, wasn't it?
A Yes, sir. Somewhat.
Q Because it was getting  beginning to get dark, I believe you said it wasn't dark, but beginning to get dark.
A Yes, sir.
Q All right. Now, under those conditions you were looking for deer, were you not?
A Yes, sir.
Q And Billy was looking for deer, wasn't he?
A Yes, sir.
Q Both of you were looking for deer, isn't that correct?
A Yes, sir.
Q And you knew that, didn't you?
A That is what we were there for.
Q Sure. You knew he was looking for deer just like you were. And he was driving, too.
A Yes, sir.
Q About, you think, maybe 10 miles an hour, not over 15?
A No, sir. Not over.
We think that the Instruction D-3 should have contained a fourth paragraph similar to the following:
That the defendant was operating the pickup truck in a reasonable manner and as an ordinarily prudent person would operate it under the same or similar circumstances.
However, both parties testified that the main purpose of riding in the pickup truck over the bean fields, where the beans had already been harvested, in the rough and risky conditions of the field, was to look for deer and both parties testified that they were looking out of the sides of the truck. That purpose was a part of the risk assumed by both parties.
Appellant obtained an instruction which told the jury that, if it believed from a preponderance of the evidence appellee failed to exercise reasonable care in the operation of his vehicle, then he was negligent and, if such negligence was the proximate cause of the injuries received, the verdict should be for appellant. The Court further instructed the jury, at the request of appellant, that, if it believed from a preponderance of the evidence appellee failed to use that degree of care and caution in the operation of his vehicle that an ordinarily prudent person would exercise under the same or similar circumstances, in that he failed to keep a proper lookout, and failed to keep his vehicle under reasonable control, and that his failure to use such degree of care and caution proximately caused or contributed to appellant's injury, then the verdict should be for appellant.
In Hatcher v. Daniels, supra, the plaintiff obtained similar instructions to those mentioned above. The Court held that there was a conflict between them and the assumption of risk instruction and that the plaintiff's instructions did not cure the error of the assumption of risk instruction.
The verdict of the jury in the case sub judice was in the following words: "We, the jury, find for the defendant, Not Guilty of Negligence, Mr. James W. Whitten, Jr."
*1024 Ordinarily, that part of the verdict following the word "defendant" would be treated as surplusage and the verdict would be reformed at the Bench to read, "We, the jury, find for the defendant." However, the judgment recited the entire verdict verbatim, and the verdict and judgment indicate that the jury was not misled by the assumption of risk Instruction D-3, but, on the other hand, followed and considered the instructions of the appellee, found that the appellee was not guilty of negligence and returned the verdict in his favor.
Under the facts and circumstances of this case, we think that all the instructions must be read and considered together, that the jury was not confused by any conflict in the instructions and that Instruction D-3 does not constitute reversible error. Also, we are of the opinion that the facts made an issue of liability for the jury and that the court did not err in refusing to grant appellant a peremptory instruction on that issue.
The judgment of the lower court is affirmed on direct appeal, and, since such affirmance disposes of the case, we do not address the cross-appeal, and dismiss same.
AFFIRMED ON DIRECT APPEAL; CROSS-APPEAL DISMISSED.
PATTERSON, C.J., SUGG and WALKER, P. JJ., and BROOM, BOWLING, HAWKINS, DAN M. LEE and DARDEN, JJ., concur.