BAKER *v.* STATE.

(In Banc.   Feb. 23, 1942.)

[6 So. (2d) 315.   No. 34436.]

L. Percy Quinn and C. O. Jaap, Jr., both of Jackson, for appellant.

Greek L. Rice, Attorney-General, by R. O. Arrington, Assistant Attorney-General, for appellee.

Alexander, J., delivered the opinion of the court.

The appellant was convicted of assault and battery. The following instruction was requested by the defendant and refused by the trial court: ''The court instructs the jury that under the law of this state insulting words can justify an assault and if you have a reasonable doubt but that Mr. Gross applied to the defendant the term

'You are a damn liar' and that such language justified an assault then it is your duty under the law to render a verdict of not guilty.'' This is the only assignment to which we feel attention should be given. The propriety of refusing-this instruction is to be adjudged in the light of the testimony of the defendant himself as hereinafter set out.

It is true that under Code 1930, Section 1282, a defendant on trial for assault and battery ''may give in evidence, in excuse or justification, any insulting words used by the person on whom the assault or assault and battery was committed,'' and that ''the jury may consider . . . whether such words were or were not a sufficient excuse for or justification of the offense committed.'' Yet such statute is not a mere abstraction which automatically attributes justification to the defendant. The jury may consider whether the words used were a sufficient justification, but only when given ''in evidence in excuse or justification.''

The defendant does not seek to justify or excuse the assault by the words used. The defendant after testifying to the altercation was asked:

''Q. You struck him? A. Yes, Sir.

''Q. That is what you struck him for? A. I struck him because he had his hand behind him and advancing on me in a threatening manner.''

This is clearly mere self-defense. Further upon the issue of justification the following examination was had:

''Q. Didn't you testify down there you hit him because he called you a lie? A. No sir. I said he called me a lie.''

When further pressed upon cross-examination, the defendant stated, in answer to an inquiry whether he struck the prosecuting witness because the latter called him a lie, ''I cannot tell you for sure but he was in a threatening position and the lie together,'' and later ''I hit him because of the threatening position and thinking he was intending to do me bodily harm and calling me a damn

lie and advancing on me and calling me that.'' Any jury would have been justified in concluding that the justification was self-defense and that the epithet was merely corroborative of a hostile purpose. Yet the determining point is not a justification by the jury of its verdict, but justification by the defendant of his act. He does not ''give in evidence'' the words ''in justification.'' They are a mere incident of the assault.

The instruction, the refusal of which the defendant assigns as error, authorizes the jury to acquit the defendant merely because the words were used. Whether they ''justified an assault'' was thereby made, at most, a generality commended solely to the judgment of the jurors and searching only their own reactions. The gist of justification is in the mind and reactions of the defendant, who must himself connect the incentive to the act to produce provocation. He does not do so, but in so many words disclaims the language as a motivating factor. Words do not of themselves justify assault; a defendant must justify the assault by the words. By the instruction the jury were authorized to attribute to the defendant a motive which he himself not only did not ''give in evidence'' but which he, in effect, disavowed. It seems clear that the county court was correct in refusing the instruction, and that the verdict of the jury ought not to be disturbed.

Affirmed.