### LABBOUS v. STATE.

(In Banc.   Dec. 6, 1943.)

[15 So. (2d) 687.   No. 35285.]

Mize, Thompson & Mize, of Gulfport, for appellant.

Greek L. Rice, Attorney-General, by R. O. Arrington, Assistant Attorney-General, for appellee.

Argued orally by **Webb M. Mize**, for appellant.

**Alexander, J.**, delivered the opinion of the court.

Appellant was convicted of an assault and battery with intent to kill. The testimony raised an issue of guilt for the jury. The assignments of error include only the omission from the state's instruction to include the defense of appellant's habitation as a justification for the shooting of the prosecuting witness and the refusal to grant the defendant an instruction including this element.

The testimony taken most favorably for the defendant shows that he was asleep when an altercation arose outside the building occupied by appellant both as a store and a home. He was awakened by his wife who called to him that persons were trying to kill his father. Appellant aroused himself, procured a rifle and ran out of the house. His father was then engaged in scuffling with three men, and after striking one of them with a pistol, he fired one random shot.

While it is not clear whether Simpson was shot during the encounter or when withdrawing from the scene, the testimony authorizes a finding that he was shot in the back of the shoulder and was later found from fifty-five to seventy-five feet from the corner of the Labbous store. There is no question but that appellant did the shooting. Appellant did not testify. He did not justify his act as an attempt to defend his home or property. While it is true that attendant circumstances may authorize a deduction by a jury that a defendant, who does not testify in explanation of his conduct, was acting in necessary self-defense, a jury should not be encouraged by instructions to seek justification in a theory of defense which the

evidence does not warrant and which the defendant himself does not assert. Baker v. State, 192 Miss. 406, 6 So. (2d) 315. Bowen v. State, 164 Miss. 225, 144 So. 230, cited by appellant is not in point. In that case the defendant testified to the facts and sought to justify her act as an attempt to protect her home against invasion. The testimony here justifies only a deduction that the appellant was acting in the defense of his father.

Affirmed.