BOATMAN *v.* STATE.

Jan. 5, 1953

No. 38565        14 Adv. S. 1        61 So. 2d 784

*Barnett & Barnett,* for appellant.

*J. T. Patterson,* Assistant Attorney General, for appellee.

ROBERDS, J.

This is an appeal from a verdict and sentence of manslaughter. The record shows that both the defendant and the deceased had been drinking heavily just prior to the homicide. A quarrel arose while they were riding along the highway in a bus in which others were present. When the bus was stopped the immediate parties debarked. It was a dark night and the lights of the bus

were turned off. The deceased knocked the defendant down two or three times during a period of scuffling. Thereupon, the defendant drew a pistol and shot the deceased fatally.

The defendant did not testify. The witnesses present did not see the exact situation of the parties at the time of the shooting. A constable who talked with the defendant testified the defendant's explanation to be that the deceased "was coming on him with something in his hand". He further stated that he shot merely to scare his victim.

Under these circumstances, while the testimony may be insufficient to justify a verdict of murder, it leaves open the issue whether the defendant was justified in using these extreme measures in the light of an uncertainty as to any reasonable apprehension of death or great bodily harm. As stated, the preceding encounters were with arms and fists. The defendant saw no weapon on the deceased and none was found after the killing.

Reliance is placed upon Weathersby v. State, 165 Miss. 207, 147 So. 481, wherein it was declared that where there are no eye-witnesses to a homicide, the version of the accused must be accepted if it is not contradicted in material particulars by credible witnesses, physical facts, or facts of common knowledge. But in the instant case the accused did not testify. He gave no version. All cases cited by appellant involved records where the accused, unlike the case at bar, took the witness stand.

Neither the jury nor this Court may, when the entire affray is not witnessed, attribute to the accused a defense or justification which he does not assert or rest upon. Allen v. State, 139 Miss. 605, 614, 104 So. 353; Davis v. State, 157 Miss. 669, 674, 128 So. 886; Baker v. State, 192 Miss. 406, 409, 6 So. 2d 315.

Had the indictment and conviction been for murder, difficulty may have arisen under this record. As stated above, the jury was justified in finding either that the

use of a deadly weapon was an exercise of unnecessary force or that the homicide, while not premeditated, was, under the circumstances, unjustified.

Affirmed.

*McGehee, C. J.,* and *Kyle, Arrington* and *Ethridge, JJ.,* concur.