PITTMAN *v.* PARTIN.

No. 41127          April 20, 1959          111 So. 2d 238

*Semmes Luckett, V. J. Brocato,* Clarksdale, for appellant.

*Maynard, Fitzgerald & Maynard, Stovall Lowrey,* Clarksdale, for appellee.

APPELLANT IN REPLY.

Etheridge, J.

Appellee, Partin, recovered judgment in the Circuit Court of Coahoma County against appellant, Pittman, for damages of $15,000, resulting from an assault upon Partin by Pittman. Defendant has appealed without supersedeas, and makes only one assignment of error, the granting by the trial court of Instruction No. 3 for plaintiff: "The Court instructs the jury for the plaintiff that if you find from a preponderance of the evidence that while plaintiff was engaged in conversation with another person that defendant cursed him and attacked him with a knife, and that said attack caused plaintiff to fall and injure his arm as a result of said fall, then you shall find a verdict for the plaintiff."

Plaintiff and defendant had some oral disagreements on local political issues. According to plaintiff's version, on the occasion in question he was sitting in a chair in the lobby of a hotel, talking with a friend, Walter Oberst. The conversation had gone on for about twenty minutes, when suddenly and without any previous indication of hostility, Pittman, who was 79 years of age,

approached plaintiff, 49 years, and told him he did not appreciate being followed around. To this Partin replied he was not mad, to go on about his business. Partin remained seated and had his head turned toward Oberst, with whom he was talking, when Pittman suddenly screamed, "I am going to kill you," and pulled out of his pocket a knife with a blade about five inches long. Partin started to get out of his chair, Pittman swung at him with the knife, and, just as Partin jumped backward, Pittman's knife cut the outside pocket of his coat. Partin kicked at the knife, and, in trying to evade defendant, he fell on his left elbow, breaking the bones into a number of pieces. Plaintiff's version of the incident was confirmed by Oberst and in part by three other witnesses.

Pittman denied that he started the affray. He said plaintiff cursed him and "jumped up to get me," so, "because he was after me," defendant got out his knife and undertook to defend himself. In the scuffle, he pushed plaintiff back and he fell. Pittman denied that he had a long-blade knife, but all of the other witnesses testified to the contrary. In brief, the jury was amply warranted in finding that appellant committed an unwarranted and unprovoked assault upon appellee with a large knife, and his wrongful actions resulted in the serious and permanent injuries to appellee's arm.

Appellant obtained four instructions setting forth in detail his theory of self-defense. The jury was amply instructed on that issue. Appellant contends that plaintiff's instruction No. 3, quoted above, nevertheless warranted the jury in finding for plaintiff, even though defendant was acting in self-defense; and that this instruction excludes self-defense. Although it could have been more precisely drawn, so as to expressly state that the attack was "without provocation by plaintiff," or with a similar express qualification, we think

the jury was not misled by it. Partin's evidence showed that he was talking with Oberst in the lobby of the hotel, when defendant suddenly came up, stated he would kill him and attacked him with a knife. The instruction simply states that theory of the plaintiff's case, and is based upon his evidence. Hence the instruction referred to defendant's assault with a knife occurring "while plaintiff was engaged in conversation with another person." This would negative plaintiff cursing or attacking defendant at the time, was in accord with plaintiff's evidence, and could not have deceived the jury. Reading this instruction along with others obtained by defendant on self-defense, we think the jury was accurately instructed on the law. For the reasons stated, No. 3 was not inconflict with defendant's instructions on self-defense.

■■■ Appellant also asserts this instruction excluded any theory of justification by insulting words used by plaintiff. Miss. Code 1942, Sec. 2525. For reasons already stated, No. 3 did not of itself exclude that defense. Moreover, defendant did not justify his assault on plaintiff by the latter's use of any insulting words. He said he struck at Partin with his knife "because he was after me," in self-defense. So the defense of justification was not an issue submitted to the jury. The trial court correctly refused appellant an instruction on this theory, apparently for that reason, and appellant did not assign that refusal as error. Baker v. State, 192 Miss. 406, 6 So. 2d 315 (1942).

Nowell v. Henry, 194 Miss. 310, 12 So. 2d 540 (1943) does not help appellant. The instructions condemned in that case authorized plaintiff to recover for mere abusive words without an assault. That issue is not involved here. Plaintiff claimed damages resulting from an unprovoked assault on him; defendant asserted he used his knife in self-defense. The jury was adequately instructed on

the law, and decided the factual issue adverse to appellant.

Affirmed.

*Roberds, P. J.,* and *McGehee, C. J.,* and *Lee* and *Gillespie, JJ.,* concur.