LIFE & CASUALTY INS. CO. OF TENNESSEE *v.* JONES.

[73 South. 566, Division A.]

INSURANCE. *Accident insurance. Construction.* *"Work of any kind."*

Under an accident policy providing for weekly payments so long as insured was unable to do "work of any kind," the liability of the company only continues until plaintiff is able to do some work, either light or heavy for which he was fitted by nature, experience or training and the burden is upon him to show that he was unable to do any work at all of which he was capable.

APPEAL from the circuit court of Lauderdale county. HON. W. W. VENABLE, Judge.

Suit by Wylie Jones against the Life & Casualty Insurance Company of Tennessee. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*S. M. Graham,* for appellant.

Some of the cases on similar contracts to this holding that the insured cannot recover if he is able and qualified to work in other occupations are the cases of, *Lyon* v. *Railway Pass Assur. Co.,* 46 Iowa, 631; *Albert* v. *Order Chosen Friends,* 34 Fed. 720; *Baltimore & Ohio Relief Ass'n.* v. *Post,* 122 Pa. 597, 2 L. R. A. 44.

We are aware that there are a great many cases involving the construction of insurance contracts where a different rule is laid down but from an examination of these cases, it will appear that they involved "special occupation policies" or policies fixing a different degree of disability or a disability from following the occupation engaged in at the time of the contract but we find no cases construing the exact contract herein sued on.

*Fewell & Cameron,* for appellee.

We contend and our contention was sustained by the lower court, that by the use of the term in clause 3, "work of any kind" was meant to refer to the usual and ordinary work which the insured was engaged in at the time of his injury and that the courts do not require an experienced man to qualify himself for work of another character before he is entitled to recover benefits under an accident policy and in this connection, we call the court's attention to the following cases: *Turner* v. *Fidelity & Casualty Company,* 38 L. R. A. 529, and the note thereto; also the case of *Gordon* v. *United States Casualty Company,* 54 S. W. 98; also the case of *Beach* v. *Supreme Tent, K. M.,* 69 Northeastern 281; and also particularly to the case of *Mutual Benefit Association* v. *Nancarfier,* 71 Pac. 426.

In the case of *Wall* v. *Continental Casualty Company,* reported in 86 Southwestern, page 491, we find the court, in construing the policy, the provisions, which are quiet similar to clause three this policy, using the following language: "So, where the accident policy provides for payment in case insured is wholly disabled from doing any work, or any part thereof, from the date of the accident, the breakman is not precluded from recovery by the fact that he made two runs after the accident, but was obliged to employ a substitute on each, or for the fact that he had trivial work on his farm, which was shown to be work which he

would have done had he been following his usual occupation.

It is admitted by appellant, both in the agreed statement of facts and in their brief filed in this case, that the appellee was wholly unable after he received his injury to attend to his regular occupation and that he was unable to earn a living by the performance of his usual and ordinary duties as train porter.

We submit that this is the test in this case and the fact that his physician certified that he was able to do light work should not and does not bar the appellee from the recovery under this policy.

We also call the court's attention to the case of *Commercial Travellers Mutual Accident Association* v. *Springsteen,* 55 N. E. 973; also the case of *Fogelsong* v. *Modern Brotherhood,* reported in 97 S. W. 240; and also the case of *Fay* v. *Standard Life and Accident Insurance Company,* reported in 44 Atl. 184, the court speaking of the proposition of permanent disability of work of any kind, says: "As long as one is in full possession of his mental faculties, he is capable of transacting some parts of his business, whatever it may be, although he is incapable of physical action." If the words, "wholly disabled him from transacting any and every kind of business pertaining to the occupation in which he is engaged" were construed literally, the defendants would be liable in no case unless, by the accident, the insured should lose his life or his reason. It is certain that neither party contended for such a result. It cannot be stated as a matter of law, that the plaintiff's disability was not sufficient to entitle him to compensation under the terms of the policy."

In the case of *C. B. & Q. Railroad Co.* v. *Olson,* reported in 97 N. W. 831, and the denial of rehearing of said case, reported in 99 N. W. 847, the supreme court in Nebraska in dealing with this question and the report of the physician says: "and where the regulations of the benefit association provided that the word

"disability" should be held to mean physical inability to work, the decision of the medical examiner that the carpenter who has suffered the amputation of a leg by reason of his injury is "able to work" will not be construed to mean that he has recovered from his disability, while the evidence shows, that at the same time, the examiner declared the injured able to do light work but still disabled."

Smith, C. J., delivered the opinion of the court.

This is an action instituted by appellee in the court of a justice of the peace to recover of appellant a balance alleged to be due him upon a health and accident policy issued to him by appellant. The cause was tried by the judge below without a jury, on an agreed statement of facts, and judgment was rendered for appellee.

The policy provides for a weekly allowance of seven dollars in case of an accident to appellee, and that "accident benefits will only be paid when the injury is of such a nature as to disable the insured from work of any kind for seven consecutive days," etc. It contains no reference to the occupation of the insured. It appears from the agreed statement of facts:

That appellee "was injured while he was engaged as a train porter, and that the company paid him seven dollars per week from 2d day of March, 1914, to the 28th day of September, 1914, at which date the defendant refused to pay the plaintiff any further sum for said injury, and their reason was that the plaintiff was not disabled from said injury from the performance of work of any kind.

"That the plaintiff was not able at the time further payment refused for the performance of the duties as a train porter.

"That the plaintiff had been serving as a train porter for thirty or forty years, and was getting old and less supple at the time of his injury than he had been in former years.

"That the plaintiff was able to do light work, and had applied to the railroad company, his employer, for light work, and also applied to the defendant for work at the time payment was refused, and plaintiff's physicians so certified in his certificate to plaintiff's proof, that the plaintiff was able to do light work.

"That the amount already paid plaintiff for said injury is two hundred and three dollars; that the amount due plaintiff, if anything, is the sum of eighty-four dollars."

We do not think that the words "work of any kind" contained in the clause of the policy hereinbefore set out can be limited "to the usual and ordinary work which insured was engaged in at the time of his injury" as contended by counsel for appellee, but we will assume for the sake of the argument what seems to be admitted by counsel for appellant, that this language may be limited by a construction to work of any kind for which the insured was fitted by nature, experience, or training. Nevertheless the judgment of the court below must be reversed; for it appears that appellee was able to do and had applied for work, and it does not appear that this work was not of the character that he was fitted by nature, experience, and training to do. In order for him to recover it must appear that he was disabled from doing work of the character contemplated by the policy, the burden of proving which was upon him. That he could do light work only is immaterial for the question, even under this limitation upon the words of the policy, is whether he was able to do work, either light or heavy, for which he was fitted by nature, experience, or training. Whether he is unable to work, within the meaning of the policy, when he can do a portion, but not all, of some particular character of work for which he is fitted, is not presented to us for decision by this record.

Reversed, and judgment here for appellant.

*Reversed.*