BROTHERHOOD OF RAILROAD TRAINMEN *v.* NELSON.

(Division B. April 24, 1933. Suggestion of Error Overruled June 5, 1933.)

[147 So. 661. No. 30599.]

(Division B. June 5, 1933.)

[148 So. 179. No. 30599.]

For former opinion, see 147 So. 661.

**W. W. Ramsey, Thames & Thames,** and **Brunini & Hirsch,** all of Vicksburg, for appellant.

M. A. Pilgrim and Chalmers Potter, both of Jackson, for appellee.

Argued orally by **J. B. Brunini** and **Jas. D. Thames**, for appellant, and by **Chalmers Potter**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

On the 1st day of March, 1926, appellee, being a member of appellant order, was granted what is termed a pension certificate, the said certificate to be construed and determinable according to the constitution and by-laws of the appellant order. In January, 1929, appellee, while engaged in his duties as a railway trainman, by a fall received an injury to his shoulder which he claimed produced a total and permanent disability which entitled him to a pension of thirty dollars per month. Appellee made due and seasonable proof to the beneficiary board of the order, and his claim, having been by that board disallowed, was appealed to the board of insurance, and was by that body also disallowed. On August 27, 1932, he sued in the circuit court of Hinds county, and, having recovered judgment there, the order appeals.

Under section 68 of the constitution of the order, certain injuries are definitely set out as constituting total and permanent disabilities. The injuries or disabilities claimed by appellee do not come within that section. By section 70, it is distinctly provided that all claims for total and permanent disability not coming within section 68 shall be held to be addressed to the benevolence of the brotherhood, and shall in no case be made the basis of any legal liability on the part of the brotherhood. Appellee contends, however, that it is not competent and is in contravention of public policy that appellee shall be bound by his agreement to abide the decisions of the brotherhood, and that his claim is as much a matter of legal liability as are those expressly made justiciable by section 68 of the constitution.

This identical question was before this court in Grand Lodge, Brotherhood of Trainmen, v. Smith, 129 Miss.

738, 92 So. 837, 27 A. L. R. 863, and was squarely decided against the contention of appellee, and, although appellant cites and relies on that case, appellee has made no reference or reply to it.

Admitting for the sake of the argument that the case above cited has no application to the pension certificate here involved, we would be constrained to hold that appellee has no case, because the declaration avers and stands upon the averment that appellee has been "totally and permanently disabled," while the engagement by which the brotherhood agreed to consider or to be bound by such a disability beyond those expressly covered by said section 68 was that he should become disabled to the extent that he would not be able "to perform any remunerative labor sufficient to care for his immediate needs." Appellee's own testimony and that of his witnesses show that at the time of the trial and some time theretofore he had employment, which employment he was fulfilling in a satisfactory manner, with the State Insane Hospital, his duties being principally as an electrician or helper in that work, which pays him seventy dollars per month, furnishes him a residence free of rent, and some few other perquisites amounting in the aggregate, with the salary, to nearly one hundred dollars per month. This, in these days of financial distress, is more than the majority of the heads of families are earning in this state. We have in former decisions pressed the rule in respect to "total and permanent disability" to the farthest permissible bounds, and are not willing to extend those holdings; as would be necessary if recovery should be allowed in this case.

Reversed, and judgment here for appellant.

ON SUGGESTION OF ERROR.

**Griffith, J.,** delivered the opinion of the court on suggestion of error.

The former opinion in this case is reported in 147 So. 661. The declaration proceeded upon the claim that appellee had been the holder of a pension certificate in appellant brotherhood, and had during that time become totally and permanently disabled. In the second and third paragraphs of that opinion, we made some references to what under the constitution and by-laws of the order were fixed as total and permanent disabilities, and which the brotherhood had no authority to disallow when the stated facts existed. Decision was not based on these paragraphs, as a careful reading of the opinion should disclose, but the references there made were merely introductory to the actual ground of decision stated in the last paragraph.

Upon the coming in of the suggestion of error, and which under our rules is always assigned to a judge other than the judge who wrote the original opinion, the case has been thoroughly reconsidered, and it has been deemed proper to withdraw the second and third paragraphs of the opinion, since, on account of the brevity thereof, these paragraphs might be misunderstood by others, as* apparently they were by appellee; and the court has directed the writer to say what is now being here written in response to the said suggestion of error.

Appellee renews his contention that he is totally and permanently disabled ''to perform any remunerative labor sufficient to care for his immediate needs,'' and insists that the fact that he is employed by the state as an electrician or helper in that work, and is being paid nearly one hundred dollars per month, does not militate against his demand in this action, because he asserts that this employment is in the nature of a sinecure, and that it is not necessary for him actually to do the work for which he is employed by the state, that he is not actually doing it, and that he is being paid, although not able to render to the state the services for which he collects the monthly compensation aforesaid. A re-examination of

the testimony on this point does not support appellee's contention, but, if the evidence in that respect were stronger in appellee's favor than disclosed by the record, we would call attention to the fact that it would hardly be permissible ex aequo et bono for the appellee to appear in one of the state's courts and there assert that he is collecting from the state a monthly compensation as above mentioned for services rendered to the state, and at the same time be allowed to prevail on the contention that he was totally unable to render any services to the state. The two positions thus taken by him are inconsistent, so far as concerns a public employment and the payment out of the taxpayers' money, whatever might be the rule as to a purely private employment—for private persons may grant sinecures, but not so the state, under our Constitution. His employment by the state and his collection of the remuneration mentioned commits him day by day to the opposite of the contention made by him here; wherefore the suggestion of error must necessarily be overruled.

So ordered.