NEW YORK LIFE INS. CO. *v.* MCGEHEE.

(Division B. Nov. 23, 1942. Suggestion of Error Overruled Dec. 21, 1942.)

[10 So. (2d) 454. No. 35126.]

Watkins & Eager, of Jackson, for appellant.

Hugh V. Wall and R. L. Jones, both of Brookhaven, for appellee.

**Griffith, J.,** delivered the opinion of the court.

Appellee is the holder of a policy of accident and health insurance issued in 1919 by appellant company. Among the provisions of the policy is the following: "Whenever the Company receives due proof . . . that the Insured . . . has become wholly disabled by bodily injury or disease so that he is, and will be presumably, thereby permanently and continuously prevented from engaging in any occupation whatsoever for remuneration or profit," the company will, during such disability, pay to the insured annually a sum equal to one-tenth of the face of the policy, and will also waive all annual premiums.

Appellee has for sometime been suffering from osteomyelitis in the right leg and the disease had made such progress that, in 1934, appellee was obliged to resign his employment, and go to a hospital where he remained for about three months. Due proof having been furnished, the company began making the annual payments under the policy and continued so to do through 1939.

In 1937, appellee was appointed postmaster of Brookhaven, a position which then paid an annual salary of $2,900 and which has now been raised to $3,000. Because of this, but not until full time was allowed to see how appellee got along in his work, the company discontinued the disability payments in 1939, and the present action was instituted by appellee to recover the two annual payments alleged to have become due, together with the annual premiums paid by appellee under protest for the same period.

It is admitted that appellee, as postmaster, has at all times since his appointment fully discharged, and is now performing all his duties with entire satisfaction to the government and to the community which his office serves. His duties do not require any physical or manual labor. His functions are supervisory, directory, and executive,

and solely so., All manual or physical or clerical duties are performed by others employed and paid by the government. Appellee suffers some additional pain as the result of his movements from his home to the office and return, and in the supervisory movements, although of a limited nature, which are incident to his position; but he himself admits that this does not substantially hamper him in the performance of his duties and that even if he remained constantly at home without any employment at all, he would constantly be in some pain. And the only physician who was asked the particular question testified to the effect that, as an over all proposition, it would be better for a person in appellee's condition to have an employment such as this than to remain wholly idle at home.

It will be noted that the disability covered shall be one which prevents the insured from engaging in any occupation whatsoever for remuneration or profit. The statement of the facts discloses upon the face thereof that appellee is neither prevented nor substantially hampered in and about his present excellent employment. The case does not fall within Columbian Mutual Life Ins. Co. v. Craft, 186 Miss. 234, 185 So. 225, and cases of similar import, relied on by appellee, but rather is controlled by Brotherhood of Railroad Trainmen v. Nelson, 166 Miss. 671, 147 So. 661, 148 So. 179. Compare Metropolitan Life Ins. Co. v. Pitcher, 5 Cir., 108 F. (2d) 621, and see particularly first column, page 622.

This court, in agreement with the majority in other states, has been liberal towards the insured in the interpretation and application of provisions in health policies in regard to total and permanent disability and as to when the disability is such as to prevent the insured from engaging in any occupation or employment for compensation or profit. We have endeavored to give to such provisions a practical and common-sense construction, consonant with the equities of the particular case, and

to grant relief according to substance rather than form; but we can assume no such authority as to strike from the contract the qualifying clause that the disability must be such as to prevent—substantially prevent—the insured from engaging in any gainful occupation whatsoever, and this we would have to do in order to sustain the judgment in this case.

Reversed, and judgment here for appellant.