PRUDENCE LIFE INSURANCE COMPANY *v.* WOOLEY

No. 43771          January 31, 1966          182 So. 2d 393

*Watkins, Pyle, Edwards & Ludlam, Robert H. Weaver,* Jackson, for appellant.

*L. D. Pittman,* Raleigh; *O. B. Triplett, Jr.,* Forest, for appellee.

JONES, J.

This is an appeal from the Circuit Court of Smith County where appellee, plaintiff below, was awarded judgment against appellant, defendant below, on a health and accident insurance policy providing for disability. Because of error in an instruction given to plaintiff, the case is reversed and remanded for another trial.

On June 12, 1959, appellant issued its policy of insurance to appellee containing the disability clause hereinafter quoted. On June 2, 1960, appellee suffered a heart attack and was paid benefits for total disability under the quoted clause from that time through June 10, 1962. No payments have been made since that time, and appellee claimed that appellant owed him $5,260.00 as of the date of the trial. The company denied that plaintiff was totally disabled within the meaning of the policy on June 10, 1962, and claimed that in May, 1963, the insured had ceased to be active in his business although he was not totally disabled, and the company had exercised its option to decline renewal of the policy under its provisions.

The policy contained the following definition of total disability, "Complete loss of business time due to the inability of the insured to engage in his regular occupation or in any gainful occupation for which he is reasonably fitted by education, training or experience." Appellee was fifty-four years of age and was and had been engaged in the occupation of farming and raising chickens. He is a high school graduate. Other than his experience as a farmer and broiler producer, he had worked as a carpenter, truck driver and equipment operator on construction jobs.

Evidence by the appellee, his wife and doctors was sufficient, though conflicting, to justify the jury's find-

ing that he was totally disabled, and unable to perform acts required of him in his farming and chicken producing business, but there was evidence, if believed by the jury, to show he was not disabled from engaging "in any gainful occupation for which he is reasonably fitted by education, training or experience." The appellee requested and received an instruction which said if the jury believed from the evidence that plaintiff was prevented by his disease from performing the substantial acts required of him in his business, he was totally disabled within the meaning of the policy. The plaintiff's instruction said nothing about his ability or inability to engage in any other occupation as described in the policy's definition of disability. The appellant requested an instruction to the effect that "total disability" meant not only complete loss of time due to the inability of the insured to engage in his regular occupation, but also in any gainful occupation for which he is reasonably fitted by education, training or experience. This instruction was refused.

The question is therefore presented to us as to the construction of this particular disability provision of the policy involved.

The appellant relies upon the following cases: Mutual Life Ins. Co. of New York v. Baker, 197 Miss. 438, 19 So. 2d 739 (1944); New York Life Ins. Co. v. McGehee, 193 Miss. 549, 10 So. 2d 454 (1942); Brotherhood of Railroad Trainmen v. Nelson, 166 Miss. 671, 147 So. 661 sugg. error overr and mod., 166 Miss. 671, 148 So. 179 (1933) and Life & Casualty Ins. Co. of Tennessee v. Jones, 112 Miss. 506, 73 So. 566 (1916).

The appellee relies upon and insists that the following cases support his instruction: Lipnick v. New York Life Ins. Co., 211 Miss. 833, 52 So. 2d 916 (1951); Columbian Mut. Life Ins. Co. v. Craft, 186 Miss. 234, 185 So. 225 (1939); Reliance Life Ins. Co. v. Cassity, 173 Miss. 840,

163 So. 508 (1935); and Mutual Ben. Health & Accident Ass'n. v. Mathis, 169 Miss. 187, 142 So. 494 (1932).

None of these cases include the provision contained in this policy. All of them have what is known as a "general disability" clause, but not one mentions the occupation of the insured. In construing the disability definitions there, this Court several times refers to the fact that no mention of present occupation is made.

In the case of Jones, *supra,* decided in 1916, it is interesting to note the following statement by this Court:

> "We do not think that the words "work of any kind" contained in the clause of the policy hereinbefore set out can be limited "to the usual and ordinary work which insured was engaged in at the time of his injury" as contended by counsel for appellee, but we will assume for the sake of the argument what seems to be admitted by counsel for appellant, that this language may be limited by a construction to work of any kind for which the insured was fitted by nature, experience, or training. Nevertheless the judgment of the court below must be reversed; for it appears that appellee was able to do and had applied for work, and it does not appear that this work was not of the character that he was fitted by nature, experience, and training to do. In order for him to recover it must appear that he was disabled from doing work of the character contemplated by the policy, the burden of proving which was upon him. That he could do light work only is immaterial for the question, even under this limitation upon the words of the policy, is whether he was able to do work, either light or heavy, for which he was fitted by nature, experience, or training. Whether he is unable to work, within the meaning of the policy, when he can do a portion, but not all, of some particular character of work for which he is fitted, is not presented to us for decision by this record." 112 Miss. at 508, 73 So. at 566.

In 29A Am. Jur. *Insurance* §1518 at 622-3-4 (1960), it is said:

"The question whether there is a total disability when the insured, notwithstanding his injury, is able to work in other occupations, depends largely on the terms of the contract defining the disability. In the case of an "occupational disability" policy, inability to perform all the substantial and material acts necessary to the prosecution of the insured's business or occupation is sufficient to constitute total disability of the insured.

In the case of a "general disability" policy, the courts are in conflict as to the type of work which the insured must be unable to perform in order to be totally disabled within the meaning of the policy. Some courts refuse to distinguish between policies which relate specifically to disability in respect to a particular occupation and those which undertake to insure against disability from performing any sort of remunerative labor, holding that total disability occurs in either case if the insured becomes unable to perform the duties of, or labor pertaining to, his particular occupation. According to this rule, recovery will not be prevented by the fact that the insured is able to perform all the substantial and material acts of some other business or occupation. At the other extreme, there is authority for the view that an insured person may not be regarded as totally disabled within a "general disability" clause until he is unable to follow any occupation whatsoever. Under this theory the liability of the insurer does not extend to cases where the insured is still capable of engaging in some occupation for profit. A majority of the courts, however, take the middle ground that it is not sufficient, in order to recover under the "general disability" clause, that the insured is disabled only from engaging in his usual business or occupation, but that he must

also be unable to engage in any comparable occupation or employment for which he is fitted by education, experience, and physical condition. These cases proceed upon the theory that the term "total disability" as used in general disability clauses is a relative one depending in a large measure upon the character of the occupation or employment and the capabilities of the insured, and upon the circumstances of the particular case. While under this rule it is not sufficient, in order to recover under the disability clause, that the insured is disabled from engaging in his usual business or occupation, he need not be disabled from following any occupation whatsoever regardless of its character. The majority rule is particularly applicable where the plaintiff is insured as belonging to a particular group, such as railroad employees, and a general policy form is used. Under the majority rule, expressions such as "any occupation" and "any work," in the coverage clause, are converted into words of concrete significance and must be construed to mean the ordinary employment of the particular person insured, or such other employment, if any, approximating the same livelihood as the insured might fairly be expected to follow, in view of his station, circumstances, and physical and mental capabilities."

██ █ This policy is worded so as to bring it squarely within the rule of the majority of courts which took the middle ground as hereinbefore shown. The thinking of this Court was indicated by the statement in the *Jones* case. This provision is what may be termed a "double-barrel provision," which requires that disability be shown as inability to follow his regular occupation, or any other occupation for which insured is reasonably fitted by education, training or experience. This provision is entirely different from any stated in the cases cited and brings it squarely within the majority rule announced in 29A Am. Jur., *supra*.

508

■■ ■ The instruction given for appellee, who was required to prove his case, should have required a finding in addition to that stated that he was disabled and incapable of performing any gainful occupation for which he was fitted by education, training or experience — or the substantial acts required thereby.

■■ ■ Appellant assigns as error the admission in evidence of written statements by doctors, who had died since the statements were given. Appellant had contended that appellee failed to present proper claim of disability, and in answer to this contention, appellee offered in evidence the statements of these doctors which were attached to the claim as proof that notice and claims were submitted. We do not think there was any error in the admission of these statements. The case is reversed and remanded.

Reversed and remanded.

*Gillespie, P. J., and Brady, Inzer and Smith, JJ.,* concur.