PRATHER, Justice,
for the Court:
Doris Shaw underwent spinal surgery for an injury related to a January, 1980 automobile accident. Mrs. Shaw’s claim for medical expenses was denied by Lamar Life Insurance Company because Mrs. Shaw had allegedly not been rendered wholly disabled as defined in the insurance policy.
Subsequently, the County Court of Jones County awarded the Shaws the entire amount of Mrs. Shaw’s medical expenses and the Circuit Court of Jones County affirmed. Lamar Life now perfects this appeal. We reverse.
I.
On January 17, 1980, Doris Shaw was involved in an automobile accident in Laurel, Mississippi. Mrs. Shaw was married to George Shaw and was insured as a dependent under a group insurance policy issued by Lamar Life Insurance Company to Hughes, Inc., George Shaw’s employer. Mrs. Shaw was employed full time in the grocery department of Walters Salvage.
For her injuries, Mrs. Shaw was treated in the emergency room of the Jones County Community Hospital and was released the same day. Mrs. Shaw received additional treatment January 29, 1980, from a Dr. Anderson, her family physician. Dr. Anderson diagnosed Mrs. Shaw’s injuries as a pulled muscle and he recommended hot baths and Tylenol for the pain.
A claim for Mrs. Shaw’s medical expenses was filed under her husband’s insurance coverage and was paid by Lamar Life.
On March 31, 1980, George Shaw terminated his employment with Hughes, Inc. thereby discontinuing his insurance coverage under the Hughes, Inc. group insurance policy. However, the “Extension of Benefits” provision of the policy provided:
If an employee or dependent is wholly disabled as a result of a nonoccupational injury or a nonoccupational disease when his insurance under this coverage is discontinued and if he incurs charges as a *325 result of a nonoccupational injury or a nonoccupational disease, within 1 year after that date and during the continuance of that disability, the same benefit shall be payable for the charges so incurred that would have been payable if they had been incurred while he was insured. (Emphasis added)
Because she continued to suffer from the January, 1980 automobile accident, Mrs. Shaw consulted Dr. A. Albert Azordegan in April of 1980. In July of 1980, Dr. Azorde-gan admitted Mrs. Shaw to Doctors Hospital in Jackson, Mississippi and performed spinal surgery. As a result of the surgery, a claim was filed on the Hughes, Inc. group insurance policy for medical charges of $2,236 and Dr. Azordegan’s fee of $1,530.
Lamar Life denied liability for the expenses contending Mrs. Shaw had been employed full-time at Walters Salvage from the time of her accident until being admitted for surgery, and that she had not been “wholly disabled” since March 31, 1980 as required by the “Extension of Benefits” provision of the insurance contract.
A trial was held in the County Court of the Second Judicial District of Jones County. The trial judge determined Mrs. Shaw had been totally disabled as defined in the insurance contract and awarded the Shaws actual damages of $3,766. The judgment of the county court was subsequently affirmed by the Circuit Court for the Second Judicial District of Jones County.
II.
To recover the disputed expenses under the Hughes, Inc. group policy, Mrs. Shaw must have been wholly disabled from March 31, 1980 until she incurred the expenses in July of 1980. “Wholly disabled” is defined in the insurance policy as follows:
“[Wjholly disabled” as used in the Accident and Health coverages for employees means disability to the extent that the employee is able to perform none of the usual and customary duties of his occupation; and in Dependent coverages (if provided under the policy) means disability to the extent that the dependent can perform none of the usual and customary duties or activities of a person in good health and of the same age and sex. (Emphasis added)
The policy definition applicable to dependents is a “general disability” definition. “General disability” clauses usually require the insured be unable to perform the material and substantial acts necessary for any occupation. 15 Couch On Insurance 2d § 53:51 (Rev.ed. 1983). In Life & Casualty Insurance Co. of Tennessee v. Jones, 112 Miss. 506, 73 So. 566 (1916), this Court construed the terms “work of any kind” in a general disability clause to mean “work of any kind for which the insured was fitted by nature, experience, or training.” 112 Miss. at 508, 73 So.2d at 566. See also, Prudence Life Insurance Co. v. Wooley, 254 Miss. 500, 182 So.2d 393 (1966).
In the present case, Mrs. Shaw failed to prove she was wholly unable to perform her own job or any job for which she was fitted by nature, experience, or training. The proof at trial showed that Mrs. Shaw gradually lost mtich of the use of her left hand after her accident. There was testimony Mrs. Shaw had difficulty performing her duties at home and in the grocery department of Walters Salvage. Mrs. Shaw’s duties at Walters Salvage included checking customers at a cash register, sacking groceries, and stocking shelves. Although there was testimony Mrs. Shaw became less proficient in her duties, and that her daughter helped her with her duties, the only job-related function Mrs. Shaw was completely unable to perform was the lifting of heavy boxes. Mrs. Shaw presented no proof concerning her inability to perform other employment for which she was qualified.
In addition, it is undisputed that Mrs. Shaw continued to work full time and to the satisfaction of her employer after her accident and until she was admitted for spinal surgery. That fact makes this case similar to Mutual Life Insurance Company of New York v. Baker, 197 Miss. 438,19 So.2d 739 (1944). Baker was a suit for *326 disability payments due to the insured’s arthritic condition.
In determining whether the insured in Baker was totally disabled under a general disability clause, this Court listed three factual elements of present employment, the presence of which in a given case generally results in a holding of no total disability. The elements are:
(1) The employment is consistent and regular and not casual, haphazard, unde-pendably intermittent, or merely incidental;
(2) The employment is such that the employee can personally perform in a substantial manner the work required of him without hiring assistants to do it;
(3) The employment is not a minor employment, with a compensation so far inferior as compared with previous earnings as to make it unjust to say that there is in reality a compensation worth comparison. 19 So.2d at 740.
Where the affirmative of these three elements is established, the Court stated there is no total disability unless the claimant rebuts the conclusion of lack of total disability. This conclusion may be rebutted by showing that working would “seriously endanger [the insured’s] health or life.” In other words, to rebut a conclusion of no total disability the claimant must show that although he or she is able to continue to work, “common care and prudence under the circumstances require him to desist.” 19 So.2d at 741. However, the Court expressly recognized that the application of this general rule would bring “within the circle of liability cases which are not within it.” Id. Therefore, the Court set forth in Baker three specific exceptions, one of which a claimant must show to rebut the conclusion of no total disability. The exceptions are:
A. That the affliction of the insured has not become chronic or incurable, and that there is real hope of a cure, which can be effected only by refraining from the ordinary exertions of any fixed employment;
B. If the condition is chronic or incurable, and the insured is able to engage in employment, he is not totally disabled unless, as a result of persistence in the ordinary exertions of any fixed employment, the affliction or condition would probably, not possibly, seriously and dangerously progress or happen for the worse, as compared with what would happen whether employed or unemployed;
C.That his affliction or condition is such that the pain and suffering resulting therefrom is such, “as a reasonable and practical proposition, as to be or become unbearable by a person of average or normal fortitude.”
Also in Baker, the Court added that the proof of the exceptions “ought to be, and must be, by clear, direct, and unequivocal evidence.” Id. at 742.
In the instant case, all three of the Baker factual elements are present. Mrs. Shaw was able to substantially perform the duties of her regular employment at the same compensation she received before her accident. In addition, the Shaws failed to prove Mrs. Shaw was unable to engage in other occupations for which she might have been qualified.
Furthermore, the Shaws did not rebut the conclusion of no total disability by proving that common care and prudence required Mrs. Shaw to desist from any employment.
III.
Because the evidence was insufficient to prove Doris Shaw was “wholly disabled” under the general disability provision of the insurance contract or as recognized by this Court in Mutual Life Insurance Co. v. Baker, the Court holds the decisions of the Circuit Court and County Court of Jones County should be and are hereby reversed.
REVERSED AND RENDERED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.